HENRY ROBINSON, administrator, &c, *v.* THE HUDSON RIVER
RAILROAD COMPANY.

This cause was tried in January, 1853, and the complaint dismissed. The plaintiff,
for the purpose of moving for a new trial, served a proposed case, and on the
same day the defendant's attorney entered into a stipulation, that the defendant's
proceedings should be stayed, until the case, or bill of exceptions, was settled
and argued, and finally disposed of. Amendments to the case were served in
due time, and seven days thereafter notice of settlement was given by the plain-
tiff's attorney, and the case and amendments were subsequently left for settlement
at the court-room for the judge who tried the cause. No further proceedings
were taken in the cause by the plaintiff, and the case was not settled. In June,
1854, judgment was entered for the defendant, and notice thereof in writing was
given to the plaintiff's attorney. No appeal was taken from this judgment, nor
was any motion made to set it aside. In December, 1855, a motion was made
by the plaintiff for the settlement of the case. *Held,* that it was properly denied.
1. No appeal having been taken from the judgment, and the time to appeal having
   expired, the settlement of the case would be of no utility.
2. The delay of the plaintiff in making the application was a complete answer to it.
3. The defendant's practice was regular. The stipulation did not operate as a per-
   petual stay. The notice of settlement of the case not having been served within
   the required time, the proposed amendments were to be deemed agreed to under
   Rule 15; and the case not having been filed within ten days thereafter, was to
   be deemed abandoned under Rule 17 and so "finally disposed of," within the
   meaning of the stipulation.

APPEAL from an order made at special term denying a mo-
tion on behalf of plaintiff to settle a case. This action was tried
on the 19th and 20th of January, 1853, and the complaint was
dismissed. On the 29th of January the plaintiff served on the
defendant a proposed case, and on the same day the defendant's
attorney gave to the plaintiff's attorney the following consent:

(Title of the cause.) "I consent that all proceedings on the
part of the defendant, in the above cause, be stayed, until the
case or bill of exceptions is settled, and until the same is argued
and finally disposed of.

                    (Signed)        "THOMAS M. NORTH,
"Jan. 28, 1853.                              Deft's Atty."

On the 4th of February the defendant's attorney served his amendments to the case, and on the 11th of the same month the plaintiff's attorney served notice of settlement. On the 15th the case and amendments were left at chambers, with some one there, for the judge who tried the cause. Thereafter, as appeared by the affidavits of the plaintiff's attorney and his clerk, they repeatedly inquired for the case, but without success. It did not appear that the case ever reached the judge. On the 28th of June, 1854, judgment was entered for the defendant, and notice in writing was given to the plaintiff's attorney. On the 28th of December, 1855, a motion was made before the judge who tried the cause for a settlement of the case. The motion was denied, and the plaintiff appealed.

*D. E. Wheeler*, for the appellant.

*Thomas M. North*, for the respondent. I. The order appealed from is not an appealable order. Code, § 319; *Tallman* v. *Hinman*, 10 How. Pr. R. 89. II. The case has already been settled by the plaintiff's failure to serve notice of settlement within four days after receiving the defendant's amendments. Rule 15, Sup. Ct. Rules. III. No appeal having been taken from the judgment, and the time to appeal having expired, the settlement of the case could do no good. Even if the judgment were in violation of the stipulation and irregular, the plaintiff must move to vacate it. This he should have done long since. IV. The stipulation has nothing to do with this motion, whatever might be its effect on a motion to vacate the judgment. But, in fact, it has been strictly kept. The case having been settled on the 8th of February, 1853, by operation of the 16th rule, it should have been filed within ten days thereafter, and not having been so filed, it became, in the words of the stipulation, "finally disposed of," by operation of the 17th rule.

BRADY, J.—The plaintiff had notice on the 24th of June, 1854, that judgment had been entered against him, and no appeal was

taken within the time limited by statute.   The stay given by
defendant's attorney was not a perpetual stay, and expired when
the case was finally disposed of.   The amendments were served
on 4th February, 1853, and the notice of settlement served on
the 11th of February, 1853.   The amendments, by rule 16 of
the Supreme Court, were agreed to, the notice of settlement not
having been served within four days after the service of amend-
ments.   Rule 15.   Notice of settlement was therefore unneces-
.sary, the case having been settled by operation of the rule just
referred to.   The 17th rule requires the party making the case
to procure the same to be filed within ten days after it shall be
settled ; and although, where a party has *regularly served notice
of appeal*, his omission to file a case or exceptions confers no
right on the opposite party to have his appeal dismissed (*Brown
v. Heacock*, 9 How. Pr. R. 345), yet it operates as a final dispo-
sition of the case, or bill of exceptions, and leaves the party to
argue his appeal on the judgment-record alone.   The stay given
by the defendants expired when the case was *disposed of*, and, as
we have seen, the case was disposed of by force of rules 16 and
17 of the Supreme Court, referred to, long prior to the entry of
judgment.

The appellant, in answer to this, urges that the case and
amendments were, at the time designated for that purpose,
handed to Judge Woodruff, or some person at the chambers of
this court, to be given to the judge; and that, after repeated
efforts to obtain them, application was made for leave to settle
the case as made by the plaintiff, which was not granted.   From.
the order denying the motion on that application the appeal is
taken.

As appears already, the notice of judgment was given on the
24th of June, 1854, and the application for relief under the cir-
cumstances was not made until December, 1855.   The papers
never reached Judge Woodruff, who presided at the trial; and
after the laches of the plaintiff, extending over a period of
nearly a year and a half after the notice of the judgment,
Judge Woodruff properly and justly refused to permit a settle-

ment of the case. The delay itself was a complete answer to the favor asked, without reference to the fact that, if the case were settled, no appeal having been taken within the thirty days allowed by the Code, such settlement would be of no utility. The defendant is not responsible for the dilemma in which the plaintiff is placed, and is not by any rule required to waive his rights finally acquired. For these reasons, the order appealed from, made at special term by Judge Woodruff, must be affirmed.