Robertson, Ch. J.
I do not. consider it necessary to consider the merits of the appeal, as they are not at all involved in the motion, which is simply one to dismiss an appeal for neglect to make a case. The thirty-fifth general court rule, .provides that if no case be made within the time required by the previous rule, (thirty-fourth,) the party who desires to move for a new trial, or to review a trial, shall be deemed to have waived Ms right to make sueh ease. Enumerated motions are declared by the fortieth general rule to be motions arising on special verdict, issues of law, cases, exceptions, appeals from orders sustaining or overruling demurrers, or appeals from an inferior court, and appeals under section 348 of the Code, which are appeals from the special to the general term of the same court; and by the forty-second general rule the papers required to be furnished on such motions are a copy of the pleadings, when the question arises on them, a copy of the special verdict, return, or other paper on which the ques-. tion arises.- By the forty-third general rule, the 11 papers ” required to he furnished to the court, on appeals from the special to the general term, are merely a copy of the judgment roll, together with a case stating the time pf the commencement of the suit, the service of the respective pleadings, the names of the original parties, the changes of parties, and any opinion given by the court below. In case of neglect, it is true, to serve on the opposite party a certain number of copies of such “papers/1 a certain length *3 of time before the first day of term, the latter may move to strike the cause from the calendar, and for judgment in his favor. I do not understand from all these provisions, that a party is precluded from appealing upon the judgment roll alone and raising" any such questions as appear on its face, as might formerly have heen raised on writ of error. (Hastings v. McKinley, 3 Code R. 10.) Errors on the trial are of course excluded, because there is no case containing proceedings on such trial entered on the record. It seems to be settled that .the only effect of omitting to make a case, is to leave a party to argue his appeal on the judgment alone. (Robinson v. Hudson River Railroad Company, 3 Abb. Pr. 115. Conolly v. Conolly, 16 How. Pr. 224.) The motion is not founded upon any omission to serve the papers on which the appeal might be argued. It must therefore be denied, with ten dollars costs.
Jones, J. concurred.