Wilcox v. Woodhall.

known that it was good against Hastie alone, his action against the endorsor cannot be sustained. If the plaintiff should have judgment in this second suit, the defendant, who is an innocent payee of the note, and was unacquainted with the circumstances under which it was issued would, in another action, be enabled to recover from the makers, and in this way the judgment just rendered would be defeated. For, although the party, who receives from one partner a note of the company, for his separate debt, cannot, according to this decision, maintain a suit against the other partners, it will not follow that a holder of the note, unapprized of this circumstance, will labor under the same disability. As well, then, to prevent this consequence, as because the note is not such a one as the party supposed he was endorsing, the defendant must have judgment.[1]

Judgment in each suit for the defendant.

---

WILCOX *against* WOODHALL.

Stipulation by a counsel in the cause good.

THE court determined that a stipulation, (see vol. 1, p. 7, n.(a) in a suit by a counsel, in the cause, was as good and effectual as by the attorney on record.

[1] All the partners of a firm are bound by a note made by one of the partners in the name of the firm for his individual benefit, even though it be fraudulently put in circulation as it respects himself, if the note before maturity comes into the hands of a *bona fide* holder. *Wells* v. *Evans*, 20 Wend. 251; *Catskill Bank* v. *Stall*, 15 Wend. 364; S. C. 18 Wend. 466, 17 Wend. 524, 22 Wend. 183, 3 Hill, 262; see cases 6 Hill, 114, 17 Wend. 524, 22 Wond. 183, 14 Wend. 146, 14 Wend. 133, 5 Wend. 475, 11 Wend. 75, 6 Cow. 497, 4 Cow. 282, 11 J. R. 544.