# SUPREME COURT.

ELIZA CONOLLY, appellant agt. CHARLES P. CONOLLY and others.

To entitle a party appellant to review any questions, either of fact or of law, arising upon the trial, or upon the decision, where the action is tried by the court without a jury, or by a referee, a *case* or *exceptions*, which is the same thing under the Code, regularly settled and filed, and made a part of the papers presented to the court, is indispensable.

A judgment record is not a case, nor a bill of exceptions, unless a case or exceptions has been made and settled, and made a part of it.

The exceptions which properly constitute a part of the judgment roll, according to section 281 of the Code, are the case or exceptions provided for by section 268; and these exceptions after they are made, are to be settled and filed within ten days after settlement.

In this case, the only paper served by the attorney for the appellant, upon the respondent's attorney, after the notice of judgment, and before the service of the printed papers, was a *notice* of the exceptions taken by the appellant to the conclusions of law, of the referee, upon the facts found by him. And the printed papers were simply the papers which composed the judgment record, and nothing else; with the addition of the notice of exceptions served as before stated.

The counsel for the appellant insisted that inasmuch as the facts found by the referee, and the conclusions of law thereon, and the attorney's notice of exceptions, all appeared in the record, he had a right to review the judgment upon those exceptions, the same as though a case or exceptions had been made and settled, and formed part of the record. *Held*, that in this, the counsel for the appellant was mistaken.

But it does not follow that such an appeal should be *dismissed*. The appellant however, in such case, is confined to errors appearing upon the face of the record strictly, without reference to matters arising upon, or after the trial, and which properly belong to a case or exceptions.

*It seems*, the court of appeals do not hold that an appeal cannot be maintained, unless a case or exceptions has been made.

*Seventh Judicial District, General Term, June,* 1858.
*Present,* WELLES, SMITH and JOHNSON, *Justices.*
MOTION to dismiss appeal, on the ground that no case or

Conolly agt. Conolly.

exceptions has been proposed or settled. Cause tried before referee. The facts appear in the opinion of the court.

A. M. BINGHAM, *for motion.*
R. P. WISNER, *opposed.*

By the court—JOHNSON, Justice. The affidavit, on the part of the respondents, shows that no case has been proposed or served by the appellant, upon the appeal, and that none has been made, or settled in any manner, and that the only paper served by the attorney for the appellant, upon the respondent's attorney, since the notice of judgment, and before the service of the printed papers, was a notice of the exceptions, taken by the appellant to the conclusions of law of the referee, upon the facts found by him. The papers on which the plaintiff proposes to review the conclusions of law, have been printed and served, and are, by consent, made part of the papers upon this motion. They are simply the papers which compose the judgment record and nothing else; with the addition of the notice of exceptions served by the appellant's attorney, which is printed with the other papers. Whether this notice was incorporated in the record as one of the papers of which it is composed, or was attached by the appellant's attorney, and printed for the purpose of presenting grounds for review, does not distinctly appear. I infer, however, that it was originally put in with the papers, to make up the record, by the respondent's attorney, as the certificate of the clerk appears at the end of the printed papers, certifying that the foregoing is a true copy of the original judgment roll, and of the whole of such original. So that we have only the judgment record, on which it is proposed to review the conclusions of law, as upon a bill of exceptions. The counsel for the appellant insists that inasmuch as the facts found by the referee, and the conclusions of law thereon, and the attorney's notice of exceptions, all appear in the record, he has the right to review the judgment upon those exceptions, the same as though a case or excep-

Conolly agt. Conolly.

tions had been made and settled, and formed part of the record. In this, the counsel for appellant is clearly in error. No questions whether of fact or of law, arising upon the trial, or upon the final decision, which is only a part of the trial, can be reviewed, except upon a case or exceptions made and settled according to the established practice. Exceptions to the conclusions of law after the decision, must be made and inserted as a part of the case or exceptions, and cannot be raised or argued, upon review, in any other manner. (*Code*, §§ 268, 272 ; *Hunt* agt. *Bloomer*, 3 *Kern*. 341 ; *Johnson* agt. *Whitlock*, *id.* 344 ; *Smith* agt. *Grant*, 15 *N. Y. R.* 590 ; *Otis* agt. *Spencer*, 15 *How. Pr. R.* 426.) It was never heard in practice, that exceptions taken to the rulings and decisions of courts, could be heard upon a writ of error, or on appeal, which brought up the record of the judgment only. A judgment record is not a case nor a bill of exceptions, unless a case or exceptions has been made and settled, and made part of it. The notice of exceptions to the conclusions of law which appear as part of the record in the printed papers, is properly no part of the judgment record, and ought not to be there. It is a mere notice, and has no place in the record, any more than the notice of trial, or of judgment after the trial. The exceptions or case which properly constitute a part of the judgment roll, according to section 281 of the Code, are the case or exceptions provided for by section 268. And these exceptions, after they are made, are to be settled and filed within ten days after settlement. (*Rule* 17.) When settled and filed according to the practice, they then are properly attached to the record, and form part of it, and not before. A mere notice that a party excepts to a decision, unless served as part of a case, or exceptions with a view of having such case or exceptions settled, is a mere idle ceremony, and can form no foundation for any future proceedings or objection. This practice is now so well settled by the court of appeals, that if we had any doubts as to its propriety, we should not hesitate to adopt it. It would be great injustice to permit an appellant to come here and review a judgment upon excep-

Conolly agt. Conolly.

tions, without a case or exceptions made and settled, upon a simple judgment roll, upon which his adversary would not be heard in the court of appeals, to review questions of law decided here. The Code prescribes that questions, whether of fact or of law, arising upon the trial, can only be reviewed upon a case or exceptions. (*Code*, § 268.) We must hold, therefore, that to entitle a party appellant to review any question, either of fact or of law, arising upon the trial, or upon the decision, where the action is tried by the court without a jury, or by a referee, a case or exceptions, which is the same thing under the Code, regularly settled and filed, and made a part of the papers presented to the court, is indispensable.

We have, heretofore, I believe, in a very few cases, reviewed a judgment upon the judgment record alone, and reversed for errors in the conclusions of law, from the facts found by a referee, where such record contained the report of the referee of the facts found by him, and his conclusions of law thereon, together with the exceptions taken by the appellant, to such conclusions of law. Though generally, in such cases, the report of the referee, and the exceptions, have been treated by the parties as a case or exceptions, within the provision of the Code, for the purpose of reviewing errors of law in the final decision merely.

But whatever may have been our practice in particular instances heretofore, if it has been erroneous, it is time it should be corrected, so as to conform to that of the court of appeals.

It is quite obvious, that it is impossible to review questions of fact or of law, arising during the course of a trial, without a case or exceptions, as without that, the court would have no history, and could have no knowledge of the course of the trial, nor of the questions arising during its progress.

The court of appeals have obviously regarded questions of law, arising upon exceptions to the final decision, as questions arising upon the trial, and thus brought within the provision of section 268 of the Code.

An ordinary judgment roll, furnishes no information of

what took place upon the trial. That is not its office. It does not state when the trial was had, nor any of its incidents, and it is only by inference that we learn from it that there has been a trial.

It does not follow from this, however, as I think, that the appeal should be dismissed. The right to bring or to maintain an appeal, does not depend upon the parties making a case or exceptions. The only consequence of neglecting to make a case or exceptions is, that the appellant thus situated, loses the right of reviewing any questions which were the subject of objection and exception, leaving his case to stand upon the record proper alone. (*Brown* agt. *Heacock*, 9 *How. Pr. R.* 345; 3 *Abb. Pr. R.* 115; 4 *id.* 309.) He is confined to errors appearing upon the face of the record strictly, without reference to matters arising upon, or after the trial, and which properly belong to a case or exceptions. I do not understand the court of appeals to have held, that an appeal cannot be maintained, unless a case or exceptions has been made. The motion must, therefore, be denied.