Collins *v.* Ryan.

———•◦•———

COLLINS and others *vs.* RYAN and others.

32b 647
25ap201

The act authorizing substituted service of subpœna and complaint to be made in certain cases, under an order of the court, where personal service cannot be made, (*Laws of* 1853, *p.* 974,) requires that the judge who makes the order shall be *satisfied* that the defendant sought to be served resides in this state and cannot be served, for the reasons stated, before he can act in the matter; and *being satisfied,* he may make the order.

Such judge is, consequently, authorized and required to decide whether or not sufficient facts are shown to confer jurisdiction; and if he decides affirmatively, that question becomes *res judicata.*

After judgment has been obtained against a defendant, upon a substituted service, made under a judge's order, and supplementary proceedings have been commenced against the defendant, and proceeded with, without any objection being made by the defendant to the validity of the judgment; he

---

Collins *v.* Ryan.

---

appearing upon such proceedings, with his counsel; he cannot move to
vacate the judgment on the ground that jurisdiction of his person had
not been acquired, and that consequently the judgment was void.

UPON substituted service of the summons and complaint
in this action, made pursuant to an order of a judge of
this court, judgment was entered by default, in favor of the
plaintiff, on the 3d of December, 1858, for $437.92. In
March, 1859, supplementary proceedings against the defend-
ant Ryan were commenced, in which he appeared, with
counsel, and such proceedings were continued from time to
time, and proceeded with, until May 7, 1859, so far as ap-
pears, without objection to the validity of the judgment. On
the 15th of March, 1860, the defendant Ryan moved, at a
special term, to vacate that judgment, on the ground that
jurisdiction of his person had not been acquired in the suit,
and the judgment was consequently void.

From the papers read on the motion it appeared that, on
an affidavit of George A. Moore, a deputy sheriff, sworn to
on the 10th of November, 1858, and stating that he had
made proper and diligent efforts to serve the summons and
complaint on the defendants; that he had made inquiries at
the residences of said defendants, as to where they were; that
the families of the defendants, at such residences, stated they
were not able to tell where the defendants could be found;
that the residence of Ryan was at 248 West 26th street, in
the city of New York, and the residence of the other defend-
ant at No. 376 in 7th avenue in said city; and that by and
after due and proper and diligent effort by him, the deponent,
the defendants could not be found; an order, dated 10th
November, 1858, was made by a justice of this court, that
said summons and complaint be served by leaving copies there-
of at the residence of each of said defendants, with some per-
son of proper age, &c., and service was made accordingly. An
affidavit of the defendant Ryan (not disputed) stated that on
the 6th of September, 1858, he sailed from the city of New
York, in company with the other defendant, for San Fran-

Collins *v.* Ryan.

cisco, in California, by way of the Isthmus of Panama, and arrived there on the 30th of September, or 1st of October, and remained in California until January 5, 1859, when he sailed for New York.

The motion was denied, and from the order denying it the defendant appealed.

*By the Court,* BONNEY, J.  The defendants' counsel has very elaborately and ably argued that the affidavit of the deputy sheriff only shows that the defendant's residence or domicil, occupied by his family, was in New York; not that he personally was residing there, and as it is furthermore affirmatively shown that the defendant was actually absent from, and (as it is argued) consequently *not residing* in New York, within the meaning of the statute, no jurisdiction was acquired, to make said order of November 10th.

The statute under which the order was made (*Laws of 1853, p.* 974,) so far as applicable to this case, provides that whenever it shall satisfactorily appear to any judge of the supreme court, by affidavit of any deputy sheriff authorized to serve any process or paper for the commencement of any action, that proper and diligent effort has been made to serve such process or paper on any defendant residing in this state, and that such defendant cannot be found, so that the same cannot be made personally by such proper diligence and effort, such judge may, by order, direct the service of any summons &c. to be made, by leaving a copy thereof at the residence of the person to be served, with some person of proper age, &c.

As I understand and interpret this act, it requires that *the judge who makes the order for substituted service* must be *satisfied* that the defendant sought to be served resides in this state and cannot be served, for the reasons stated, before he can act in the matter; and *being satisfied,* he may make the order. Such judge is consequently authorized and required to decide whether or not sufficient facts are shown, to

confer jurisdiction; and if he decides affirmatively, that question becomes *res judicata*. He may have misjudged, and acted upon insufficient evidence; and for that reason the order may have been erroneously granted, and might be, upon proper application, set aside; but it will not be void.

It is to be observed that this defendant does not allege or pretend that the whole amount of this judgment is not justly owing by him; nor state any equitable grounds for relief. He does not even deny that he was residing in New York, at the time this order was made, but merely states that he was absent from the state from the 6th of September, 1858, until (probably) the latter part of January, 1859, when he returned, and (as it appears from his examination) occupied the same house which the deputy sheriff stated to be his residence, and where his family was living when this summons and complaint were served. I think it may well be held that the defendant was residing in the state, within the meaning and intent of the statute, when this order for substituted service was made; but I prefer to decide the question on the ground first stated.

The order appealed from should be affirmed, with ten dollars costs.

[NEW YORK GENERAL TERM, November 5, 1860. *Sutherland, Bonney* and *Hogeboom,* Justices.]