Clark *v.* Eighth Avenue Rail Road Company.

CLARK *vs.* THE EIGHTH AVENUE RAIL ROAD COMPANY.

A rail road company is bound to exercise great care and caution in carrying passengers through the streets of a city.

In an action by a passenger, to recover damages for an injury sustained by him by means of a collision, the negligence of the plaintiff, in order to defeat the action, must have contributed to the injury or the accident.

A passenger's occupancy of the platform of the car, if it be by the permission of the carriers or their servants, and if accompanied by active efforts on the part of the passenger to get in a safe position, and to avoid being hurt after he sees danger approaching, will not render him guilty of negligence.

The statutory provision that a person injured while standing on the platform of a car cannot sustain an action for the injury, provided a notice is posted *inside* of the car, forbidding passengers to take such a position, and there is room inside of the car, will not prevent a recovery by a passenger injured while standing on the platform, where the only notice not to occupy the platform is posted *outside* of the car, and is not shown to have come to his knowledge, and the car is full, inside.

In what cases it is proper to submit the question of the plaintiff's negligence to the jury; and when it is the duty of the judge to direct a nonsuit.

APPEAL by the defendants from a judgment rendered in favor of the plaintiff for $450 damages besides costs, in a suit tried before Mr. Justice BALCOM, at a circuit in New York on the 4th day of November, 1858. The action was brought to recover damages for personal injuries sustained by the plaintiff in consequence of a collision between one of the cars of the defendant and the horses attached thereto proceeding up Hudson street, and at its junction with Canal street, and a horse and cart in Canal street. The plaintiff was standing on the steps of the forward platform of the car, and in that position was struck by the shaft or hub of the wheel of the cart and thrown from the car and injured in his ankle and leg. One of the principal questions in the case was, whether any negligence was shown to have been committed on the part of the defendant. The plaintiff's evidence tended to show that the plaintiff, having paid his fare, was standing on the steps of the platform, without objection on the part of the driver or any other agent or employee of the defendants; the inside of the car and the forward platform appearing to be full. The horses were on a trot, and the horse and cart, when discovered, were some three or four rods ahead, not moving, but the horse appearing frightened and ungovernable, in a position to be seen by the driver of the car, who might have slackened the pace of his horses but did not; the brakes not being applied till after the accident. The horse attached to the cart at length started, having been near the track of the rail road, and some portion of the cart was supposed to have come in collision with the person of the plaintiff, which was not exposed outside of the line of the body of the car, and that did not appear to have been touched by the horse or cart. The plaintiff paid his fare to the conductor, on the platform. The defendant moved for a nonsuit, which was denied and its counsel excepted. Some evidence was given on the part of the defence, tending to make the case somewhat more favorable to the defendant, and the motion for a nonsuit was renewed at the close of the

testimony and again denied, and the defendant excepted. Various exceptions were also taken to the charge of the judge, which are considered in the opinion of the court. The jury rendered a verdict of $450 in favor of the plaintiff, on which judgment was entered, and the plaintiff appealed.

*H. M. Hyde,* for the plaintiff.

*Richard Mott,* for the respondent.

*By the Court,* HOGEBOOM, J. The judge at the circuit, in his charge to the jury, announced the rules of law applicable to cases of this description correctly, in the main, as is not denied; and as to the points to which exceptions were taken, I think he was also correct. He is supposed to have erred in charging the jury that the defendants and their servants were bound to exercise *great* care and caution in carrying the plaintiff. But this was manifestly the true rule as between the defendants and their passengers; the only question being, whether he might not, consistently with the law, have laid down a more rigorous rule. (*Story on Bailments,* § 601. *Angell on Carriers,* § § 521 to 523. *Holbrook* v. *Utica and Schenectady R. R. Co.,* 16 *Barb.* 115. *Hegeman* v. *Western R. R. Corporation, Id.* 353. *Camden and Amboy R. R. and Transportation Co.* v. *Burke,* 13 *Wend.* 611. *Caldwell* v. *Murphy,* 1 *Duer,* 233. *Bowen* v. *N. Y. Central R. R. Co.,* 18 *N. Y. Rep.* 408. *Ingalls* v. *Bills,* 9 *Metcalf,* 1. *Stoke* v. *Salstonstall,* 13 *Peters,* 181, 191, 193.) The case of *Brand* v. *Schenectady and Troy R. R. Co.* (8 *Barb.* 368) is supposed to have laid down a different rule, and to have required the exercise of only ordinary care; but this is an entire mistake. The latter was the case of a collision between the defendant's car and a foot passenger on a street or highway; and it was held that, with equal means of observation and equal opportunities to avoid the collision, each were bound to the exercise of reasonable and ordinary care, which ordinary care was defined to be such reasonable care as a pru-

dent person would employ in view of all the circumstances. But the higher and more rigorous care which the carriers of passengers for hire were bound to observe towards their passengers, whom they *contracted* to convey safely, was in that case very distinctly recognized.

That the negligence of the plaintiff—in order to defeat the action—must have contributed to the injury or the accident, or, as the case somewhat obscurely expresses it, to the *cause* of the accident, is also well settled. I regard the expression just noted as intending the same thing as the injury or catastrophe itself, and as not likely to mislead the jury.

Nor do I think there was any error in charging the jury that the plaintiff's occupancy of the platform of the car, if done by the permission of the defendants or their servants, and if accompanied by active efforts, on the part of the plaintiff, to get in as safe a position as he could, and to avoid being hurt, after he saw the horse and cart ahead of the car, did not make him guilty of negligence. There is some reason for saying that such a position is, in some respects, in the case of cars drawn by horses through the streets of a city, not more unsafe than one inside of the car ; and when occupied with the permission of the defendants, and without notice or information of its danger—the inside of the car being full— may be, perhaps, properly said not to justify the imputation of negligence to the plaintiff. The charge must be considered in the light of the evidence, and thus considered, I regard it as unobjectionable. The statutory provision, (1 *R. S.* 1238, § 45, *4th ed.*) that a person injured while standing on the platform of a car, cannot sustain an action for the injury, provided a notice is posted *inside* of the car forbidding the passenger to take such a position, and provided also there is room for the passenger inside of the car, cannot avail the defendants ; for, according to the plaintiff's case, neither of these provisos were observed by the defendants. In the first place, the notice not to occupy the platform was posted *outside* of the car, and is not shown to have come to the knowl-

Clark *v.* The Eighth Avenue Rail Road Co.

edge of the plaintiff; and in the second place, the car, according to the plaintiff's testimony, was full.

Nor was the defendants' exception tenable, to the remark of the judge, that it had been decided that where a party was injured by the negligence of the agents of a rail road company, when seated in a baggage car, if he was there by permission of the company, such party could recover. It may be said to have been rather the statement of a fact than the announcement of a rule of law. The fact that such decision had been made was not controverted, and it was used merely for purposes of illustration, and did not assume the form or character of a direct charge upon that point.

These embrace, substantially, the exceptions made to the rulings of the judge, except those made to his refusal to nonsuit, and one made to his refusal to charge that there was no evidence to show such fault, negligence or mismanagement on the part of the defendants' agents, as to make the defendants liable in this action. These present, as I think, the only serious and embarrassing questions in the case. I have had some doubt whether the evidence of the defendants' negligence was sufficiently strong to authorize its submission to a jury, but have concluded, on the whole, that it was not error to leave that question to them. It can scarcely be said to have been entirely clear that no negligence was committed by the driver of the car. A restive and refractory horse, attached to a cart, is found three or four rods in front of the defendants' car. Some of the evidence shows the horse to have been partly on the track. If the cars proceeded on their course, there may perhaps be said to have been a reasonable probability that the car, or the horses attached to it, would come in collision with the fractious animal in front, or so frighten and excite him as to expose the passengers in the car or on the platform to danger of injury from the horse or the cart. If the jury could legitimately have drawn such an inference, their verdict for the plaintiff would stand, and a refusal to nonsuit would be proper. We can scarcely say that the case

was so clear for the defendants as to make it illegal for the judge to submit to them the question of fact, a question which involved the necessity, on their part, of determining not only what in reality were the facts bearing on this question of negligence; but what were the legitimate inferences to be drawn from them in view of all the circumstances of the case. This case lies very near the line which divides those cases where it is the duty of the judge to nonsuit the plaintiff, from those where he is authorized to submit the question to the jury.

On the whole I think the verdict should not be disturbed, and that the judgment at the circuit should be affirmed.

Judgment affirmed.

[NEW YORK GENERAL TERM, November 7, 1860. *Sutherland, Bonney* and *Hogeboom,* Justices.]