The order was, no doubt, one made in the course of a summary application in an action after judgment; and its object was not to question or impeach the judgment, in the sense of the cases in which an appeal from certain orders has been denied for that reason. Indeed, the order assumed the validity of the judgment. Moreover, the order was final, within *Page 162 
the meaning of section 11 of the Code; and in one sense it affected a substantial right. Nevertheless, it was not an order from which an appeal will lie to this court. It rested purely in the discretion of the court to grant or refuse it. The point is entirely settled by the cases in this court referred to by the counsel for Smith and Austin. Hazelton v. Wakeman, was an appeal from an order granting a motion to open the biddings at a master's sale. The appeal was dismissed, on the ground that it would not lie from an order of that character. In Wakeman v.Price, the appeal was from an order vacating a receiver's sale of a large amount of real estate in the city of New York, which had been sold at prices far below its value. The purchaser appealed here, but the appeal was dismissed, with costs, on the ground that the granting of the order was a matter of favor, resting in the discretion of the court.
The present appeal must be dismissed.
All the judges concurring,
Appeal dismissed.