## NEW YORK SUPERIOR COURT.

The People *ex rel*. Jose Valiente and others agt. William H. Dyckman.

The examination of a *party* at the instance of the adverse party, under § 391 of the Code, *before trial*, is conducted in all respects in the same manner as a *witness* examined conditionally under art. 2, title 3, chap. 7 of part 3 of the Revised Statutes.

That statute provides that if any witness attending before any judge, pursuant to a summons, shall, without reasonable cause, refuse to answer any legal and pertinent question, " the officer issuing such summons shall, by warrant, commit such witness to the common jail of the county;" there to remain until he submits to answer, or until he be discharged according to law.

*Held*, that it is the duty of the judge, where the witness refuses to answer a legal and pertinent question, to issue his warrant for the commitment of the witness; that an *order merely adjudging the witness to be in contempt*, is improper, and unauthorized by law. And an *appeal* from such order is for the same reason equally unauthorized.

It *is* not an open question, that a party examined as a witness, either at or before the trial, may be required, upon a *subpœna duces tecum*, to produce his *books* relating to or containing evidence pertinent to the issues in the action.

And where such party has produced a book of account and proved the same, and has pointed out and explained the charges in it, called for in evidence, he may be compelled to go further, and required *to read out of the book the specific items and charges to which he had referred and pointed*, to the end that the same may be incorporated in his deposition and preserved as evidence. For his refusal to thus read from the book, he may be punished for *contempt*, as before stated.

*April General Term*, 1862.
*Before all the Justices.*

APPEAL from an order made at special term adjudging the defendant guilty of a contempt, and directing an attachment for his commitment to issue.

The defendant was under examination as a witness, upon a subpœna *duces tecum*, on the part of the plaintiff, before trial, under section 391 of the Code. The witness produced, under the subpœna, a certain *book*, which he testified contained charges made by Waydell & Co., for cooperage on the first shipment of cigars referred to in the pleadings, and which the witness testified he had paid. The witness pointed out to the plaintiff's counsel the charges in the book under date of May, 1860, and also entries made by Waydell or his clerk, under date of Sept. 7, 1860, of payments made by the defendant to said Waydell, of the said charges for cooperage, when the plaintiff's counsel propounded to the witness the following " *Question:* Now state the items as set forth in the book, to which you have pointed ?"

The question was objected to by the defendant's counsel on the ground that the defendant, as a witness for the plaintiff, having produced the items, had done more than he was obliged to, and could not be examined so as to enable the plaintiff to incorporate into the deposition of the defendant, either copies or the substance of papers produced under the subpœna. The justice, before whom the examination was taken, overruled the objection, and decided that the witness must answer the question. To which ruling and decision the defendant's counsel excepted.

An attachment having been issued against the witness, he was brought before a justice of this court, and upon his refusal still to answer the question, the order appealed from was made.

H. A. CRAM, *for appellant.*
I. T. WILLIAMS, *for plaintiffs.*

People *ex rel.* Valiente agt. Dyckman.

By the court, MONELL, J.    The order appealed from, and all the proceedings subsequent to the refusal of the witness to answer, are so clearly irregular, that we might well dispose of the question on that ground, without looking into the merits.

The examination was of a party, at the instance of the adverse party, *before* trial.    Such examination, though absolute, is conducted in all respects in the same manner as a witness examined conditionally under art. 2, title 3, chap. 7 of part 3 of the Revised Statutes.    Section 61 of that title provides, that if any witness attending before any judge, pursuant to a summons, shall, without reasonable cause, refuse to answer any legal and pertinent question, " the officer issuing such summons shall, by warrant, commit such witness to the common jail of the county," there to remain until he submits to answer, or until he be discharged according to law.    The power of the judge, under this statute, to compel a witness to answer, and to commit him if he refuses, is ample and free from doubt.    The judge not only *may*, but the statute says *shall* commit the witness, if, without reasonable cause, he refuses to answer.    The policy of conferring this power *exclusively* upon the judge before whom the examination is taken, cannot be questioned.    No one is so well qualified to judge of the legality and pertinency of the question as he.    No one can determine, as well as he, that the refusal to answer is without reasonable cause.    It is, moreover, a contempt of his authority, and it would seriously impede the administration of justice, if the remedies to punish a contumacious witness were to be pursued through other and remote channels. The judge is to decide whether the question is legal and pertinent to the issue, and I am not aware that any statute or practice of the court has ever allowed his decision to be reviewed in the manner sought in this case.

It was obviously the duty of the judge, before whom the examination was taken, to have issued his warrant for the

commitment of the witness; and hence the order he made, merely adjudging the witness to be in contempt, was improper and unauthorized by law. And the order appealed from was, for the same reasons, equally unauthorized.

It follows, therefore, that the order appealed from, and all proceedings subsequent to the refusal of the witness to answer, so far as the court has power to do so, must be reversed. Before compelling the witness to answer, the judge must be satisfied that the question propounded is legal and pertinent to the issue formed by the pleadings. Having determined this, his duty is plain. There is no force in the argument against this statute, that great injustice may be done; that a party may be compelled to answer impertinent questions; and that, especially, under the statute authorizing a party to be examined as a witness at the instance of the adverse party, the examining party may be allowed to pursue his investigations into the past history, business and career of the witness. No such danger exists. The law throws around the witness its ample protection; and the judge will see to it, that the examination is confined to subjects pertinent to the issue, and is not permitted for any purpose foreign to it. But while the law, thus administered, shields and protects the witness, it also imposes upon him the obligation of obedience, and forbids his contempt of its authority.

Enough has now been said to dispose of this appeal. Nevertheless, I deem it proper briefly to examine whether the question propounded to the witness was proper.

I think it may not be considered an open question, that a party examined as a witness, either at or before the trial, may be required, upon a subpœna *duces tecum*, to produce his books relating to or containing evidence pertinent to the issues in the action. That question has been put at rest by the decisions of nearly or quite all the courts. At any rate, it is the law of this court.

The witness under examination had produced his book

of account; had testified that it contained charges for cooperage on the first shipment of cigars referred to in the pleadings, and which he testified had been paid. *He then pointed out to the examining counsel the charges in the book,* and was asked to state the items as set forth in the book, to which he had pointed. The objection was not to the *form* of the question, but that the witness " could not be examined so as to enable the plaintiff to incorporate into the deposition either copies or the substance of papers produced." The objection did not go to the extent contended on the argument, that the witness could not be required to read the items out of the book, but rather, that it would be improper to compel the witness to do more, to enable the examining party to incorporate the items into the deposition. I have no doubt the question, in the form in which it was put, was understood by the witness as calling for the *reading*, by him, out of the book, of the items or charges to which he had pointed. The book produced by the witness, it would seem, remained in his hands. He was testifying from it, and it became important, as claimed, that the precise *words* and *figures* of the charges should be stated. To preserve them as evidence, they must be written into the deposition, which was subsequently to be signed by the witness and certified by the judge. Now, who was to state them ? It was said the counsel might, or the judge, or the clerk; but I apprehend that in strictness neither could, under objection. That, however, is not the question. May it be made the duty of the *witness* to read the charges or state the contents of the book ? or has *he* discharged all the duty that can be required of him, when he has produced the book, and said, this is my book of accounts ? It is not doubted, he is obliged to go further, and to state whether it contains a particular account; in whose handwriting it is ; on what page it commences, where it ends ; to what part of the subject of the action it relates, and other similar questions to test its pertinency. But it is said, you cannot ask

People *ex rel.* Valiente agt. Dyckman.

him to *read* from it. Why not ? If not he, whom can you ask ? Not, who may *volunteer* or *offer* to read it, but who can be required to read it ? for read it must be, if it is to go into the deposition. How, then, are you to get the evidence, if the witness refuses, and cannot be compelled, and no other person, under objection, may read it ?

It is conceded that if the book is kept in cypher, or in a foreign language, an expert or translator may be called to read it, and may be *compelled* to read it, if he is able to do so. May not the witness who produces it, equally be compelled to read it ? May he not be treated as an expert, or does the absence of a necessity for an expert qualify or alter the rule ? I apprehend not. The *practice* of counsel to read books and papers produced on the trial, does not aid or relieve the question. Counsel may refuse, and there is no power to compel *them.* The evidence is proper and important, and there must be some source from which it can be obtained, *ex necessitate rei;* the witness must furnish it. The book doubtless is the best evidence, and if produced on the trial and proved, could be read from to the jury by either party ; but here the examination is *before* trial. The book could not be attached as an exhibit of the deposition, and afterwards brought into court, from the files, and read to the jury, and then returned to the files there to remain. A party or a witness is not to be deprived of his property. He is entitled to retain its custody. No ; it must be extracted from, and the extract must be put into the deposition, and the book returned to the witness and retained by him. Should the counsel, or the judge, or the clerk read, it would be *testimony*, and testimony can only be given by a *witness.*

We are looking at an abstract question ; not seeking if there be some *other* way in which the thing might be done ; but endeavoring to determine whether a witness, without

regard to other modes, ought to give the reading. We think he ought. He has not discharged his whole duty, until he has furnished the matter contained in his books of account, in such a form that it may be put and preserved in his deposition.

The question is new. It probably has never arisen before, and may never arise again. There is, therefore, no case like it to be found in the books; but as, *necessitas non habet legem*, so we may say necessity *makes* law.

The judge, having decided the question was proper, ought to have committed the witness for refusing to answer.

The order appealed from must be reversed.