Brady, J.
I think the affidavit, on which the order to show cause why the defendant’s answer should not *12 be stricken out, contains all that is necessary to authorize the exercise of the power so to order. The defendant was duly served, in accordance with the provisions of the act of 1853 (Laws of 1853, p. 974), with the summons to appear and be examined as a witness, and he has not either obeyed the summons or complied with the order of the court requiring him to appear and be examined. If he does not appear on March 16, 1868, at 10 A. M., or on such day as may be further named by this court, his answer must be stricken out, and the plaintiff allowed to take judgment.
This decision or opinion was read by the counsel for both parties, together, in examining the papers in the hands of the clerk at the chambers of the court.
An order striking out the answer, and directing judgment, was accordingly filed by plaintiff, and judgment entered.
From the order, and also from the judgment, the defendant appealed; and plaintiff now moved to dismiss both appeals.
A third appeal, taken by defendant in the same cause, and the dismissal of which was also moved for, arose out of the following proceeding :
Upon the judgment which plaintiff had recovered, he commenced supplementary proceedings to examine defendant respecting his property.
The order for examination of the debtor was obtained on the following affidavit:

{Title of the court and cause ; and tenue.]

Edward C. Ripley, being duly sworn, says:— That he is managing clerk for the attorney of the above named plaintiff; that judgment was recovered in this action against the above named defendant, Philetus Stephens, in the said court of common pleas, on March *13 16, 1868, for two hundred and thirty-six dollars and two cents, damages and costs; that said judgment, exclusive of costs, was for more than twenty-five dollars; that the- judgment roll was filed in the office of the said court of common pleas; and that on March 18, 1868, a transcript of said judgment was duly filed and docketed in the office of the clerk of Hew York county; and that an execution upon said judgment against the property of the defendant, Philetus Stephens, was, on March 18, 1868, duly issued to the sheriff of the city and county of Hew York, where said defendant; then had and still has a place of business ; that the sheriff has returned said execution wholly unsatisfied, and that said judgment remains wholly unpaid.*
Upon this affidavit the .usual order for defendant to appear for examination, and forbidding transfers of his property, was made. Plaintiff, not being able to make personal service of this order, applied for an order allowing substituted service under the act of 1853, as in the case of the order for examination before judgment. The allegations of the affidavits on which the application was made were as follows:
Morris Pollock, being duly sworn, says:—That he is clerk for plaintiff’s attorney herein, and has been for six months last past. That on May 25, 1868, the annexed order and a copy thereof for service, were placed in the hands of deponent, who immediately repaired to 840 Broadway, in said city, the only known place of business or residence of said defendant; but that said defendant’s door was locked, and a notice on the door directed persons to apply next door for medicines or information ; that deponent called next door, *14 and was informed that Mr. Stephens was not in, but would probably be in next morning; that deponent called again next morning, and found the said office again locked, and the same notice on the door ; and on inquiring, was again informed that Mr. Stevens would probably be in next morning; that deponent has heretofore in this action attempted to serve a summons for examination of defendant before trial, but was unable to do so, and was told by the young man in charge of said Stephens’ office, that if he came there a hundred times he could not see defendant, unless he stated the nature of his business; and that on the affidavits of Edward 0. Ripley, Patrick McCaffrey, late deputy sheriff, and deponent, an order for substituted service was granted by the Hon. John R. Beady, which said order and affidavits were duly filed February 21, 1868. Deponent further says, that he believes said Stephens keeps himself concealed with intent to avoid service, and that personal service of the annexed order in supplementary proceedings cannot be made.
Edward C. Ripley, being duly sworn, says:— That he is managing clerk in the office of plaintiff’s attorney herein ; that he has read the foregoing affidavit of Morris Pollock, and believes it to be true; that immediately after the return of said Pollock, deponent repaired to 840 Broadway, the office of said Stephens, and, finding the door locked, went into the adjoining office, where he was directed to go for information by a notice on said Stephens’ door; that deponent was informed that said Stephens would not be in again to-day, but would probably be down in the morning ; but that deponent’s informant could attend to any business of Mr. Stephens’. Deponent further says, that said Stephens carries on a business through the mails, and has at 840 Broadway an office about seven feet square, furnished with one small desk and one chair; that deponent, Morris Pollock, and late Deputy *15 Sheriff McCaffrey, in this action, have made thorough and persistent’ efforts to serve said Stephens, but have never been able to do so; that the only person ever found in said Stephens’ office, is a young man who insults every one who goes there, and always refuses information of said Stephens ; that deponent is satisfied that said Stephens keeps himself concealed to avoid service, and that personal service of the annexed order in supplementary proceedings cannot be made.
P. C. Lynch, being duly sworn, says:—That on the 26th instant, after the return of E. C. Ripley from the office of said Philetus Stephens, the annexed order and a copy thereof for service, were delivered to deponent for service, and that since that time deponent has made diligent efforts to serve the same, but has been unable so to do ; that deponent having inquired of the person to whom he was directed by notice on said Stephens’ door, he was informed that if deponent had any message to leave for said Stephens, he would deliver the same to him; but on deponent’s asking for a description of said Stephens, said person in charge informed Mm that he never saw said Stephens ; and deponent further says, that he believes said Stephens keeps himself concealed with intent to avoid service, and that personal service of the annexed order cannot be made.
Sheriff's Certificate.—I hereby certify that said Lynch was a deputy sheriff of this county at the time mentioned above.
[Date. ] [Signature of Sheriff. ]
Edward C. Ripley, being duly sworn, says That said Stephens’ only address in the New York Directory is 840 Broadway, and that to all deponent’s inquiries, and those of Morris Pollock and others, the person in charge of said Stephens’ office has refused to give any information regarding the residence of said *16 Stephens, and that deponent is unable to find any other address of said Stephens.
Upon the foregoing affidavits, Judge Beady granted an order for substituted service, which was in the following form:

{Title of the court and cause.]

It appearing to my satisfaction, by the affidavits of • P. C. Lynch, deputy sheriff of this county, Morris Pollock, and Edward C. Ripley, that the order in supplementary proceedings, a copy of which is hereto annexed, has been delivered to said Lynch, Pollock, and Ripley, to be served, and that the defendant Philetus Stephens has a place of business at 840 Broadway, in said city; that said Lynch, Pollock, and Ripley, have made proper and diligent efforts to serve the same personally upon him, and that said defendant evades such service, so that the same cannot be personally served;
¡Now, on motion of Chauncey B. Ripley, counsel for plaintiff, it is ordered that the service of the said order be made by- leaving a copy thereof at 840 Broadway, the only known place where said Stephens can be communicated with, with some person of proper age, if admittance can be obtained, and such proper person found who will receive the same; and, if admittance cannot be obtained, or any such proper person found who will receive the same, then that the said service be made by affixing the same to the outer or other door of said place of business, and by putting another copy thereof, properly folded and enveloped, and directed to the person to be served at 840 Broaday, New York City, into the post-office in said city, and paying the postage thereon.
The proof of the service pursuant to this order was presented as follows:
*17 Edward C. Ripley, being duly sworn, says:—That on May 30, 1868, at 840 Broadway, in said city, he served copies of the foregoing order fpr substituted service, affidavits, and order in supplementary proceedings, on a young lady, apparently eighteen years of age, who said that she was authorized to receive messages for said Stephens, by delivering to and leaving with her the same, and that she stated to deponent before and after such service, that she would hand the same to said Stephens.
Morris PolloeJc, being duly sworn, says :—That on May 30, 1868, he deposited in the general post-office in said city copies of the foregoing order for substituted service, affidavits, and order in supplementary proceedings, properly folded and enveloped, and directed to Philetus Stephens, 840 Broadway, New York City, care of Dr. J. Stephens & Co., and paid the postage thereon.
Indorsed upon the order for examination, was also a memorandum or affidavit of plaintiff’s counsel, that defendant was duly called on June 3, and did not appear.
Upon these papers the following attachment was issued.

[Title of court and cause.]

The people of the State of New York to the sheriff of the city and county of New York, greeting:
Whereas, a judgment was duly given and recovered March 16,1868, in an action depending in the court of common pleas for the city and county of New York, wherein Charles E. Baker is plaintiff, and Philetus Stephens is defendant, against the above named defendant, Philetus Stephens, for two hundred and thirty-six dollars and two cents, damages and costs ;
And whereas, the judgment roll in said action was *18 on said day filed in the office of the clerk of said court of common pleas;
And whereas, a transcript of said judgment, duly certified, was, on March 18,1868, duly filed in the office of the clerk of the city and county of New York;
And whereas, an execution upon said judgment against the property of defendant, was, on March 18, 1868, duly issued to the sheriff of the city and county of New York, where said defendant then had and still has a place of business ;
And whereas, said sheriff has returned said execution wholly unsatisfied, and the said judgment remains wholly unpaid;
And whereas, on May 25, 1868, and subsequent to the return of said execution, the Hon. John R. Brady, one of the judges of our court of common pleas for the city and county óf New York, being cognizant of the foregoing facts, and upon due proof thereof, did, at the instance of the said plaintiff, issue an order, signed by him with his name and his said official title, in which he did order and require the said Philetus Stephens to appear before him at the chambers of said court, at the City Hall, New York city, May 30, 1868, at eleven o’clock in the forenoon, to make discovery on oath concerning his property;
And whereas, on May 29,1868, it having been shown • by affidavits that said order for the examination of said defendant, Philetus Stephens, could not, after due diligence, be personally served on him the said defendant, the said Hon. John R. Brady, judge of the court of common pleas for the city and county of New York, did, at the instance of the plaintiff, extend the time in said order for the examination of said defendant, by changing the return day to June 3, 1868, at eleven o’clock in the forenoon, and issue an order signed by him with his name and his said official title, in which *19 he did order that the said order requiring said defendant to make discovery on oath concerning his property, be served according to the provisions of chapter 511 of the Laws of 1853, entitled “An Act to facilitate the service of process in certain cases
And whereas, the said order for the examination of said defendant, together with the said order for substituted service, and the affidavits upon which the same was granted, were, on May 30, 1868, at 840 Broadway, in the city of New York, and by mail, duly served, and affidavits of each service duly filed according to the statute above mentioned;
And whereas, the said Philetus Stephens, did, on June 3, 1868, at eleven o’ clock in the forenoon, and for the space of thirty-five minutes thereafter, fail to appear at the chambers of the said court of common pleas aforesaid, and was guilty of a disobedience of the said order of the said judge in failing to appear at the time and place by said order required, and became liable to punishment therefor as for a contempt of court, pursuant to section 302 of the Code of Procedure, and under the general power of said court to punish offenses calculated to impair its dignity and efficiency:
Now, therefore, you are commanded that you attach the said Philetus Stephens and have his body before the Hon. George C. Barrett, one of the judges of our said court, at the chambers of said court, [G. o. B.] City Hall, New York city, on the 9th day of [G. o. b.] June, twelfth (12) twenty-fifth (25th) day of June, 1868, at ten o’clock in the forenoon, to answer for his misconduct, in failing as aforesaid to appear at the chambers of said court, at the time in .said order required.
And have you then and there this writ.
Witness, the Hon. George C. Barrett, judge of the *20 said court of common pleas, at the City Hall in the city of Hew York, this 5th day of June, 1868.
Geo. C. Barrett, J. C. C. P.
Chawoey B. Ripley, Plaintiff’s Att’y,
39 Park Row, H. Y. City.
By special order.
[Seal.'] Hathahiel Jarvis, Jr., Clerk.
[.Attachment]
The within writ of attachment is hereby allowed. Admit to bail in the sum of three hundred dollars.
N. Y. City Hall, June 5, 1868.
Geo. C. Barrett,
J. C. C. P.
By special order.
Hathahiel Jarvis Jr., Clerk.
Chawoey B. Ripley, Plaintiff’s Att’y,
39 Park Row, N. Y.
Filed June 35, 1868.
On the return of the attachment before Judge Barrett, defendant moved to vacate it, and the motion was denied. Defendant appealed from the denial; and obtained an order to show cause why the proceedings on the attachment should not be vacated, and staying plaintiff’s proceedings meanwhile.
Subsequently, July 8, 1868, the attorneys entered into a stipulation that the argument of the appeal be waived, and all the questions involved in the appeal be submitted on printed points before the 30th inst. ; defendant’s points to be submitted to plaintiff before the 15th inst. .
Upon these proceedings, and on affidavit that defendant had not served or submitted points, plaintiff moved to dismiss the appeal from the order refusing to vacate the attachment.
*21 Chauncey B. Ripley, for the motion.—First, as to the appeal from the judgment. I. The decision was on default in a court of record, and therefore not appeal-able. For no point can be raised in a court of appellate jurisdiction which was not argued in the court below, and against which decision or judgment no exception was taken at the time.
II. The appellant was in contempt, and was so adjudged by the court, and his answer was properly sticken out pursuant to section 394 of the Code. “If a party refuse to attend and testify, as in the last four sections provided he may be punished for contempt, and his complaint, answer or reply stricken out.” Code, §§ 394 and 391. And from an order adjudging a witness before trial to be in contempt, there is no appeal. People ex rel. Valiente v. Dyckman, 24 How. Pr., 222.
III. Judgment in this case was rendered on the 16th of last March, nearly a year since, and although the notice of appeal was served on the 13th of April last, no undertaking for the security of costs has ever been filed with the clerk, or served on plaintiff’s attorney.
IV. The defendant’s answer was stricken out for contempt, and judgment ordered for plaintiff as for want of an answer; the defendant therefore had no answer. No appeal lies from a judgment for want of an answer (Pope v. Dinsmore, 8 Abb. Pr., 429). The remedy, if any, is a motion to open the judgment. (Stewart v. Morton, 8 Abb. Pr., 429, note).
V. The case proposed by the appellant was not served nor submitted to the respondent, until the 28th December, ultimo, affording the latter but six days, all holidays, and one of them New Year’s day, to prepare and serve amendments and settle the case. And respondent’s attorney was notified by appellant’s attorney that he should disregard any service of amendments whatever. To entitle the appellant to review any questions, either of fact or of law, arising upon the trial or *22 decision, a case containing exceptions regularly settled and filed, is indispensable (Connolly v. Connolly, 16 How. Pr., 224). And, unless a copy of the case be served on the opposite party, within ten days after written notice of the entry of judgment, his right to make a case is lost (Rules 34 and 35, Supreme Court).
VI. The appeal should be dismissed, because the case contains no exceptions ; nor does the record show that any were taken. Hunt v. Bloomer, 13 N. Y., 341; Colie. v. Brown, Code R. N. S., 416 ; Cheesbrough v. Agate, 26 Barb., 603.
'Second. The appeal from the order directing judgment should be dismissed for the same reason’s; and because the order was made on default, and the appellant was in contempt (Code, § 394), and no appeal lies (24 How. Pr., 222).
Third. As to the appeal from the refusal to vacate the attachment.
I. The stay was ordered on condition that the appeal be submitted at an early day. The stipulation has been violated by defendant. The court has jurisdiction to dismiss appeals, if either party violates a stipulation made in relation to the same, to the prejudice of the other (Townsend v. Masterson Stone Dressing Co., 15 N. Y., 587). The court refused leave to present a case and amendments for settlement after an unexcused delay of eight months (Whiting v. Kimball, 6 Bosw., 690). No notice of argument has been served in this appeal, nor has it been placed on the general term calendar for any term, though nearly ten months have elapsed since judgment; and it was stipulated to submit it on or before the 20th of July last. Where the laches have been so great, and so long continued, and unexcusably so, the appeal should be dismissed (Whiting v. Kimball, 6 Bosw., 690). The court will interfere to prevent an attorney from being overreached by the bad faith of an adversary (Whiting *23 v. Kimball, 6 Bosw., 690). A stipulation by the counsel in the cause is as effectual as if by the attorney (Wilcox v. Woodhall, 2 Cai., 250). Agreements made in the presence of the court need not be in writing, notwithstanding Rule 121 (Corning v. Cooper, 7 Paige, 587; Jewitt v. Albany City Bank, Clarke, 241. The order was discretionary with the judge making it, and therefore not appealable. The order was, indeed, one made in the course of a summary application in the action after judgment; but its object was not to question or impeach the judgment, in the sense of the cases in which an appeal from certain orders has been denied for that reason (Buffalo Savings Bank v. Newton, 23 N. Y., 160). The order assumed the validity of the judgment. Moreover, the order was final. It rested purely in the discretion of the court to grant or refuse it (Buffalo Savings Bank v. Newton, 23 N. Y., 160 ; Hazleton v. Wakeman, 3 How. Pr., 357 ; Wakeman v. Price, 3 N. Y. [3 Comst.], 334). The orders made below should be affirmed (Collins v. Ryan, 32 Barb., 647).
Andrew Blake, for the appellant.
By the Court.*—Barrett, J.
The plaintiff moves to dismiss three appeals taken by the defendant:
First. An appeal from an order striking out the defendant’s answer, in consequence of his refusal to obey a previous order, requiring him to attend and submit to examination as a witness before the trial at the instance óf the plaintiff;
Second. An appeal from the judgment entered upon the order striking out such answer; and,
Third. An appeal from an order denying a motion to vacate an attachment issued against the defendant as fora contempt in not obeying an order requiring him *24 to attend and submit tc examination in supplementary proceedings upon the judgment thus acquired.
The first and second appeals ahould be dismissed, for the reason suggested upon the argument, that the order striking out the answer was granted by default.
It is true, that upon the return of the order to show cause, the defendant’s counsel attended, when some objection appears to have been taken to the sufficiency of the moving affidavit. Judge Beady took that particular question under advisement and subsequently held the affidavit to be sufficient, and required the defendant to appear on March 16, 1868, at ten A. m., to be examined, or submit to have his answer stricken out. The defendant had full notice of this direction. Although not embodied in a formal order it was read by his attorney in court, and in the presence of the plaintiff ’ s counsel. Yet, neither the defendant nor his attorney appeared upon the day named, and the result was the entry by default of the order appealed from.
The effect of the proceeding was precisely as though, upon the return of the order to show cause, Judge Beady had at once overruled the objection to the sufficiency of the affidavit, and had then and there adjourned the motion to March 16, after orally intimating to the defendant’s counsel that unless his client appeared and submitted to examination upon the latter day, his answer should be stricken out. Thus, the matter was not finally disposed of by what had occurred previous to March 16, and while the defendant, even if he had then appeared, would not have been permitted to renew the original objection, yet he might have resisted the entry of the order upon the other grounds. The order, therefore, was not a reduction to formal shape of the decision upon the original objections. Indeed, nothing of the kind was required. But it was the granting by default of the motion itself, which (after the overruling of the original objection), had been, in effect, *25 and with notice to the defendant, continued to that day.
We have, however, considered the question passed upon by Judge Beady, and entirely concur in his views with respect to the sufficiency of the affidavits. These appeals are clearly frivolous, and as such are quite in keeping with the persistent determination to impede the administration of justice which the papers disclose.
The motion to dismiss the third appeal is without foundation, and should be denied.
If defendant has violated the stipulation on which he obtained a stay of proceedings pending such appeal, plaintiff’s remedy is by motion to vacate the stay. The appeal itself is not thereby involved. As to the alleged laches, the plaintiff has the remedy in his own hands; he may notice the appeal for any term, and if the defendant fails to submit as required by the rule, he can take an affirmance.
Neither party being entirely successful, no costs should be allowed.
II. December, 1870. Appeal from the order refusing to vacate attachment.
Titus B. Eldridge, for the appellant.
Chauncey B. Ripley, for the respondent.—I. The court has already determined the questions. See foregoing opinions. An order to show cause was not required, because of the previous contempt.
II. The writ of attachment recites all that is necessary to confer jurisdiction.
III. Defendant’s contumacy is abundantly shown.
IV. The order in question was discretionary with the judge making it; he could either grant or refuse the motion: it was, therefore, not appealable. The *26 order was indeed one made in the course of a summary-application in the action after judgment; but its object was not to question or impeach the judgment, in the sense of the cases in which an appeal from certain orders has been denied for that reason (Buffalo Savings Bank v. Newton, 23 N. Y., 160 ; Code, § 349, subd. 5). The order assumed the validity of the judgment. Moreover, the order was final.' It rested purely in the discretion of the court to grant or refuse it (Buffalo Savings Bank v. Newton, 23 N. Y., 161; Hazleton v. Wakeman, 3 How. Pr., 357; Wakeman v. Price, 3 N. Y. [3 Comst.], 334). The order made below should be affirmed, and the appeal dismissed.
V. The act authorizing substituted service on the defendant, in certain cases, under an order of the court, when personal service cannot be made (Laws of 1853, p. 974), requires that the judge who makes the order shall be satisfied that all the requirements of the statute have been complied with, and that all the conditions necessary to confer jurisdiction exist, and being satisfied, he may make the order (Supreme Court, general term, Collins v. Ryan, 32 Barb., 647). Such judge is consequently authorized and required to decide whether or not sufficient facts are shown to confer jurisdiction, and if he decides affirmatively, the question becomes res judicata (Collins v. Ryan, 32 Barb., 647). He may have misjudged and acted upon insufficient evidence, and for that reason the order may have been erronously granted, and might be, upon proper application, set aside, but it is not void, and an order appealed from on the ground that there was no jusisdiction, by reason of such errors, should be affirmed, and the appeal dismissed (Collins v. Ryan, 32 Barb., 647).
VI. It is competent for the court to observe and take cognizance of the fact, that the conditions necessary to confer jurisdiction really did exist, though not set *27 forth in the moving affidavits (Collins v. Ryan, 32 Barb., 650). The fact that P. C. Lynch was, at the time he made his affidavit, on which the second order for substituted service was obtained, a deputy sheriff, appears from the certificate of Sheriff O’Brien. That defendant in fact resided in the State, appears from his own admission in the testimony of Nathan Stephens. That defendant was not an officer, soldier, musician, sailor or marine, absent and actually engaged in the military or naval service of the United States (Laws of 1863, p. 388, ch. 212), is folly shown by his bond given to the sheriff, and also affidavits on which orders were obtained.
VII. It is also competent to observe and for the court to take cognizance of the fact that the defendant has never alleged or pretended that the judge at chambers assumed any facts or circumstances that did not exist, as required by the statute or its amendments, necessary to confer jurisdiction.
By the Court.—Daly, F. J.
The affidavit upon which the order was made by Judge Brady for the examination of the defendant as a judgment debtor, was amply sufficient.
The sufficiency of the proof upon which the order was made for the substituted service, was equally so. The affidavit showed that the defendant was a resident of the State; that he had a place of business at 840 Broadway—“his only known place of business or residence.” It very clearly appeared also, that he was doing all in his power to evade the service of an order for his examination as a judgment debtor, as in previous instances he had sought to evade the service upon him of the order of the court. It was distinctly shown by these affidavits, that after proper diligence and effort, in the language of the statute, he could not be found, so that the service could be made upon him *28 personally. There was sufficient proof by affidavit to authorize the order; the order itself was in strict compliance with the statute, and there was proof that a copy of the order for the defendant’s examination was delivered to a young lady at 840 Broadway, who said she was authorized to receive messages for the defendant, and that she would hand the paper to him ; and that a copy of it had been duly sent to him by mail, in the manner required by the order. The making of the orders and the service of them are recited in the attachment, and that the affidavits of such service were duly filed as required by statute; to which is added the affidavit of C. B. Ripley, proving that the defendant did not appear at the time and place named in the order.
, This was sufficient to authorize the granting of the attachment. It was in the discretion of the judge whether he would grant it in the first instance, or make an order to show cause.
He granted it at once, and very properly, for the reason, already expressed at the general term upon a former appeal, that the defendant had manifested throughout a persistent determination to impede the administration of justice, which he followed up when the attachment was served upon him, by refusing to go with the sheriff, so that he had to be taken by force. There is nothing upon this appeal to show that the affidavit or proof upon which the writ was granted was not served with the attachment. This was essential to warrant any motion to vacate the attachment upon that ground. The defendant knew what papers had been served upon him when the sheriff was compelled to take him by force, or whether any had been served, and could easily have made an affidavit of the fact, if any of the requirements of the law had not been complied with, as the foundation of tlie motion to vacate. It was his motion. He was the moving party, and it was essential to him to bring affirmatively to the *29 knowledge of the judge below, the omission or defect on which he relied as a ground for setting aside the attachment.
The same observation may be made respecting the objection which he raises upon this appeal, that it does not appear that the affidavits of the service of the order of Judge Beady were filed with the county clerk, as the statute requires. This was undoubtedly essential; for the statute (Laws of 1853, p. 914), declares that upon filing the affidavits of service with the clerk of the county where the defendant resides, the paper, &c., shall be deemed served, and that the same proceedings may be taken thereon as if it had been served upon the defendant personally.
But the attachment recites that they were filed; and what have we upon this appeal to show that they were not?
On the contrary, at the end of the affidavits in the printed case are the words, “Filed May 20, 1868”—the figures 20, probably, being a misprint for 30, the last of the affidavits having been sworn to on May 30, 1868. If they had not been filed, it was a simple matter to produce the certificate of the county clerk, or read an affidavit to the effect that they could not be found upon inquiry at his office. If this material act had been omitted, and the recital in the attachment in this particular was untrue, it was for the defendant to show it. The attachment upon its face was regular. It recited every thing that was essential to give the judge jurisdiction ; and if there was any omission or defect in the proceeding upon which it was founded, or if there was a failure to serve a copy of the affidavit of the facts charged, and constituting the contempt, upon the defendant within a reasonable time to enable him to make his defense as the statute requires (2 Rev. Stat., 535, § 3), it was for the defendant to show the defect or omission as a foundation for his motion to set aside the *30 attachment, or by the affidavit used in support of his motion to create such a presumption as would throw upon the other party the onus of proving that the material act alleged to have been omitted had been done. But the defendant did nothing of the kind. He refused to go with the sheriff. By the aid of a confederate he resisted the execution of the process so persistently, that,.in the language of the affidavit of E. C. Ripley, he had to be taken “forcibly down five pairs of stairs and having thus been compelled to come before the judge, he moves to discharge the attachment without reading an affidavit or producing any thing to show that the recitals in the attachment were untrue in point of fact.
The truth probably is, that he relied upon the insufficiency of the proof upon which the order for the substituted service was made. Such an order cannot be questioned collaterally, though it may be upon a motion to set it aside, or by an appeal from it (Collins v. Ryan, 32 Barb., 661). He made no motion to set it aside, and it is open to some question whether it could be reached by a motion to set aside the attachment; but the point is not material, as we have considered it upon the appeal, and find the affidavit upon which the order was granted to have been amply sufficient.
The order of Judge Barrett, denying the application to set aside the attachment, should be affirmed.
Van Brunt and Loew, JJ., concurred.
Order affirmed.

 The New York superior court have held such an affidavit insufficient, upon thé rather slender objection that it did not affirmative^ appear that the transcript was filed before the execution issued (Hawes v. Barr, 7 Robt., 452).

 Present Daly, P. J., and Brady, and Barrett, JJ.