Curtis, Ch. J. [concurring in result on different grounds.]
The order for the substituted service was made under the provisions of the act of 1853 (Session Laws, 974). This act is remedial in its character, and was probably intended to meet a class bf cases not provided for in subdivision 2 of section 135 of the Code, which designates a mode of service where there is a departure from the State, with intent to defraud creditors, or to avoid the service of a summons, or a concealment within the State with a like intent.
It was evidently the intention of the framers of this provision of the statute of 1853, that no suitor should be deprived of his remedy, or hindered in the service of process against a resident of the State, where he could not “be found, or if found, avoids or evades *174 service, so that it cannot be made personally.” The rules of the United States supreme court direct that the process of subpoena issuing against the defendants on the filing of a bill in equity, shall be served by a delivery of a copy to the defendant personally, or by leaving a copy at the dwelling-house or usual place of abode of each defendant, with some person who is a member or resident in the family.
It is the aim of justice to protect both parties, and neither should be deprived their rights, and the courts are open to protect them from hardship either in efforts to serve process or from want of due notice.
In the present case the summons and complaint were served on the defendant Mrs. Youngs, March 27, 1876, who, as it appears by her affidavit, then, and for several months had been well acquainted with her husband’s business affairs, and assisted him in conducting them. When the officer served the papers upon her, she, acting for and on behalf of her husband, refused him permission to see him, or to serve him, and made such statements about his health to the officer, that though her husband could have been found in the house at the time, he did not serve him. Mrs. Youngs was the agent and the custodian of her husband at this period, and as such, and for his welfare and interest, as she deemed it, thus enabled him to avoid personal service. It was simply an avoidance of personal service by the acts of defendant’s agent and custodian, and the case appears to have been one where the defendant, ■ either acting for himself, or through those who ordinarily acted for him, might very properly, in consideration of the condition of his health, decline and thereby avoid being served.
But the statute wisely provides that in such a con-' tingency as this, there may be another mode of service by which the rights of all parties can be protected ; for it must be observed that there are occasions for the *175 commencement of suits where persons are made defendants whose interests would suffer detriment, unless there was some mode of bringing them within the remedial protection of the court, by other ways than by personal service.
It was not the intention of the legislature, that where physical disability interferes with and renders personal service dangerous to a defendant, and it is for that reason avoided by or on behalf of such defendant, that a suitor should be left remediless either to protect himself, or the party sought to be served.
The affidavit of the appellant Daniel S. Youngs, made four weeks after the substituted service, states that he was told by his wife, that this suit had been commenced, though he does not state when he was so told, and the clear and elaborate narration contained in it confirms his allegation as to his convalescence. It is apparent from the record that comes before the court on the defendant’s appeals, that his interests are duly watched and protected, and there is no reason to believe that he has been otherwise than benefited by the order for a substituted service, under which he seems to have diligently proceeded in the litigation.
The order appealed from is not at variance with the views expressed in Simpson v. Burch (4 Hun. 315) and Collins v. Ryan (32 Barb. 647).
It should be affirmed without costs to either party.