In the matter of AARON GRISWOLD, an attaching creditor.

Under the code, the sufficiency of the affidavits on which an attachment issued, is no longer a jurisdictional question.

Hence an attachment will not be set aside on motion, upon the ground that the affidavits on which the same was issued did not set forth facts sufficient to give the officer jurisdiction.

It is now, under the code, a mere question of regularity in issuing process, in the progress of an action, which none but a party to the action, injuriously affected by it, can take advantage of.

The proceeding cannot be attacked and reviewed and set aside in a collateral proceeding, as in cases where want of jurisdiction in the first instance is alledged.

The issuing of an attachment, or attaching property under it, is not the commencement of an action, but is a mere provisional remedy. The action is commenced by the issuing and service of a summons.

*Morgan* v. *Avery*, (7 *Barb.* 656,) approved.

APPEAL from an order made at a special term, denying a motion to set aside warrants of attachment in several suits against an absconding debtor, by a creditor whose suit was last commenced, and in whose favor a warrant of attachment was also issued.

*S. Sherwood,* for the appellant.

*T. R. Strong* and *S. A. Goodwin,* opposed.

*By the Court,* JOHNSON, J. This is an appeal from an order made at special term, denying a motion to set aside the warrants of attachment issued in favor of several other creditors against the property of William H. Griswold, an absconding debtor, by which the property of the debtor was attached and held by the sheriff of Cayuga, to satisfy the judgments the creditors might severally obtain in the suits commenced by them respectively, before the warrant of attachment in favor of the above named Aaron Griswold was issued to the same sheriff, against the property of the same debtor. The motion was to set aside these attachments as against the attachment of the moving party, last issued, on the ground, principally, that sufficient had not been

set forth in the several affidavits upon which these attachments were issued, to give the officers issuing them jurisdiction. It was decided in *Morgan* v. *Avery*, (7 *Barb.* 656,) that under the code, the sufficiency of the affidavits on which an attachment issues, is no longer a jurisdictional question.

Under the code, it is clear that the issuing the warrant of attachment, or the attaching property under it, is not the commencement of the action. It is a mere provisional remedy in an action, which action is commenced by the issuing of a summons, and the service of it in some one of the methods pointed out by the code. It is difficult to see how it can be a jurisdictional question, so long as it is a mere proceeding or provisional remedy in an action. The code, it is true, provides (§ 139) that the court shall be deemed to have acquired jurisdiction "from the time of the service of a summons, in a civil action, or the allowance of a provisional remedy." Still, the action is commenced by the summons, and it is the proof of the issuing and service of that, which gives the court authority to proceed, as in an action, and render judgment, where the defendant does not appear. The allowance and issuing of the attachment, and attaching property merely, could give the court no power to proceed and render any judgment; because no action can be commenced by any such proceeding. The only mode, therefore, of correcting an error in allowing a warrant of attachment improperly, must, it seems to me, necessarily be by motion in the action, as was held in *Morgan* v. *Avery*. It is, now, under the code, a mere question of regularity in issuing process, in the progress of an action, which no person can take advantage of but some party to the action injuriously affected by it. The proceeding cannot be attacked and reviewed and set aside in a collateral proceeding, as in cases where want of jurisdiction in the first instance is alledged. This view of the case renders it unnecessary to look into the contents of the affidavits. I am of opinion, on the whole, that *Morgan* v. *Avery* was correctly decided, and should be sustained; although, it must be confessed, that § 139 is calculated to throw some doubt upon the question. But, as has been before remarked, it is difficult to perceive how, in the nature

of things, the allowance of a mere process, in the progress of an action, can become a jurisdictional question.

The order of the special term must, therefore, be affirmed.

[MONROE GENERAL TERM, December 2, 1851. *Welles, Selden* and *Johnson*, Justices.] ·