## Cantine *vs.* Clark, late Sheriff &c., and others.

Neither a judgment creditor nor an officer is justified in using the process or authority of the court oppressively, to the injury either of the debtor or of any third person.

A party who directs, and the officer who makes, an oppressive levy, is responsible for the unlawful act. As regards the officer, the rule is that where a ministerial officer does any thing contrary to the duty of his office, and damage thereby accrues, an action lies.

Where the assignee of a judgment knew, as did the sheriff also, that certain lands held by the judgment debtor and others as tenants in common had been voluntarily partitioned by the tenants among themselves, and quit-claim deeds executed in pursuance of the partition, and that the lots apportioned to and accepted by the judgment debtor were abundantly sufficient to satisfy the judgment with the expenses of sale, yet they proceeded to sell, on execution, the lots set off on such partition to the plaintiff, one of the joint tenants, wholly regardless of his rights and equities; *Held* that this was a fraudulent act, none the less reprehensible because committed under the guise of legal sanction; and that an action would lie against the holder of the judgment, and the sheriff, to set aside the sale, and cancel the sheriff's certificate.

Although a party can obtain an order, in such a case, *it seems*, before the sale, directing the sheriff as to the mode of executing the process; or may obtain relief on motion, *after* the sale, he has also a remedy by direct action; and will be entitled to relief in such action, although *fraud* is not charged in terms, nor proved or found by the court; provided facts are stated, proved and found from which fraud is, in law, necessarily deducible.

Although there be no actual corruption or intentional fraud on the part of the sheriff, yet if he abuse his trust he is answerable to the law.

THIS is an appeal from a judgment rendered at a special term setting aside a sheriff's sale, ordering the sheriff's certificate of sale canceled, and restraining proceedings on the judgment, on which the sale had been had, for the collection thereof, except out of certain lands. The defendant Ira H. Gibson did not appear in the action. The defendant Thomas Starin appeared, but interposed no answer to the complaint. The action was brought to set aside a sheriff's sale of certain real estate of the plaintiff, situate in Montgomery county, on a judgment against the defendant Thomas Starin and one John H. Starin, and was tried before the court without a jury. The judgment on which the sale was had was recov-

ered March 25th, 1854, and was for $153.23.  At the time
of the recovery of the judgment the lands sold formed a part
of the homestead of the late Myndert Starin, deceased, and
was owned by the plaintiff, the defendant Thomas Starin,
and five others, as tenants in common, each owning one sev-
enth.   The tenants in common made a voluntary partition
of said lands, April 6, 1860, and executed deeds of release to
each other, caused said lands to be surveyed and mapped out
into lots, and which deeds and map were recorded and filed in
the Montgomery county clerk's office.   The lands conveyed
to Thomas Starin on such partition were worth $1200.   On
the 30th day of May, 1860, the defendant Gibson procured
execution to be issued on said judgment, and under such
execution the sheriff advertised all the lands conveyed by
said several partition deeds, together with other lands of the
judgment debtor, taking the description from the partition
deeds on record.   The sale was advertised for and was made
September 15, 1860.   On the 5th of the same month the
defendant Yates purchased the judgment for $175.   All of
these facts the defendants Clark and Yates well knew.   The
defendant Yates was acquainted with the property and its
value, and just before the sale went to the clerk's office and
examined the map on file.   Yates desired and procured the
sheriff to sell the lots of this plaintiff and other persons, and
was the only purchaser at such sale ; and no lot conveyed to
the judgment debtor on such partition, or other lands of his
advertised, were sold or offered for sale ; although such lots
were of sufficient value to satisfy the judgment, and there
were no liens or incumbrances thereon, prior to the judgment.

The judge before whom the action was tried at the circuit
decided that the sale should be canceled, anulled and set
aside ; that the sheriff's certificate of sale should be canceled,
discharged of record and surrendered ; that the plaintiff
should recover costs of the action against the defendants
Clark, Yates and Thomas Starin, and that those defendants
should pay and be liable to pay such costs and disbursements

as between themselves in the following order, to wit: First, the defendant Yates; second, the defendant Clark, and third, the defendant Thomas Starin; that no proceeding should be had for the collection of the judgment, out of the lots conveyed to the plaintiff on the voluntary partition, separately from the whole piece of land of which they formed a part, but that the judgment might be collected out of the lots set apart to Thomas Starin, or out of the undivided seventh of the whole lot.

*L. Tremain,* for the appellants.

*P. Cantine,* for the respondent.

*By the Court,* BOCKES, J. This is an appeal brought by the defendants, Clark and Yates, from a judgment rendered at a special term. The other defendants, Gibson and Starin, did not answer the complaint, nor have they appealed.

The action was brought to set aside a sale to Yates of real property by the defendant Clark, late sheriff of Montgomery county, under an execution issued on a judgment recovered by Gibson against Starin, of which Yates was the assignee and owner at the time of the sale. The ground of complaint was that the sale was made inequitably and oppressively, to the plaintiff's injury. Without giving a statement in detail, it is sufficient here to say that the facts found by the learned judge in this cause are amply sustained by the proofs. It is very clear that Yates, the assignee of the judgment and purchaser on the sale, knew, as did Clark also, of the partition of the lands held in common by the judgment debtor and others, and that the lots apportioned to and accepted by the latter were abundantly sufficient to satisfy the judgment with the expenses of sale, yet with this knowledge they proceeded to sell the lots set off on the partition to the plaintiff, wholly regardless of her rights and equities. This was a fraudulent act, none the less reprehensible because committed under the

guise of legal sanction. Knowing of the partition and that the lots apportioned to and accepted by the judgment debtor were sufficient to satisfy the execution, it was inequitable and in fact fraudulent to disregard the rights of the plaintiff by a sale of her lands in preference to those set off to the judgment debtor. Neither a judgment creditor or an officer is justified in using the process or authority of the court oppressively, to the injury either of the debtor or of any third person. So a party who directs, and the officer who makes an oppressive levy, is responsible for the unlawful act. As regards the officer, the rule is that when a ministerial officer does any thing contrary to the duty of his office, and damage thereby accrues, an action lies. And the court will control its process so as not to injure unnecessarily the rights of others, and often times so as to protect the equities of parties to be affected by its exercise. In accordance with this rule, sales of property on which a judgment or mortgage is a lien must be made in the inverse order of alienation, when portions have been conveyed by the debtor; and in case the whole has not been aliened, those must first be sold which remain in his hands unconveyed, for that is in equity primarily liable, and should therefore first answer to the creditor's demand. As was decided in *Clows* v. *Dickinson*, (5 *John. Ch.* 235,) a judgment creditor is not entitled, in equity, to enforce the payment of the judgment against the lands of a subsequent purchaser, as long as there is sufficient property of the debtor remaining unsold to satisfy the judgment. And the creditor in such case is entitled to resort to the land of the purchaser to the extent only of his debts which may remain unpaid after the estate of the debtor has been exhausted. The decree in this case was reversed or modified in the court of errors, (9 *Cowen*, 403,) but on grounds not affecting the law as above stated. Indeed Judge Woodworth, in his opinion read in the court of errors, alluding to this rule remarked that it was a clear principle of equity established by all the authorities, and approves itself to the

Cantine *v.* Clark.

plainest suggestion of natural justice. In this way will the rights and equities of parties be protected against general liens by judgment, as well as against any attempt to enforce specific liens unfairly and inequitably. The authorities on this subject are too numerous to admit of citation. In this case, therefore, the parties should have sold the lots set off to and at the time of sale held in severalty by Starin, the judgment debtor. As the evidence shows very conclusively, both Clark and Yates knew of the voluntary partition, and that Starin had accepted of certain lots, the entire title to which had become vested in him by conveyance from his former co-tenants. Yet they inequitably sought satisfaction of the execution from the plaintiff's land and thus purposely violated a plain principle of duty and fair dealing.

I have no doubt the plaintiff could have obtained an order, before sale, directing the sheriff in the execution of the process; and after sale no doubt she could have proceeded by motion and obtained relief. But she also had a remedy by direct action. (6 *John. Ch.* 411. 5 *id.* 255; *same case,* 9 *Cowen,* 403.) In cases where the sale is charged to have been fraudulently made, a direct action seems the most appropriate; especially where on application the purchaser insists on holding the benefits of his purchase, for then issues can be formed and tried with much better security to the rights of all parties, than can be had on special motion.

In this case it is urged that fraud is not charged, proved, or found by the court. The facts are stated in the complaint, and are proved and found, from which fraud is, in law, necessarily deducible. This was sufficient without charging fraud in terms. The plaintiff, on proving the facts stated in the complaint, was entitled to the relief which the law would afford him. A proper judgment based on such facts would be a recovery according to the allegations of the complaint.

The judgment is right, according to my view of the case,

Cantine *v.* Clark.

in setting aside the sale and cancelling the certificate given by the sheriff. Yates does not occupy the position of an innocent purchaser, and should take nothing by his inequitable and unlawful proceeding. Nor is Clark entitled to favorable consideration, inasmuch as he permitted himself to be used by Yates in an improper way, and for a sinister purpose. I do not mean that Clark was guilty of an intentional wrong, as it is quite probable that he did as sheriffs usually do in making sales of property, viz. followed the directions of the owner of the demand. Still, as was said in *Tierman* v. *Wilson*, (6 *John. Ch.* 411,) although there be no actual corruption or intentional fraud on the part of the sheriff, yet if he abuse his trust he is amenable to the law. In this case the learned judge made, as I think, a proper discrimination in his favor, by making Yates primarily liable for the payment of the costs.

All necessary parties to the action are before the court. The judgment in favor of this plaintiff does not and could not, under any circumstances, affect any person not a party in the action.

The judgment must be affirmed with costs, and according to the stipulation of the counsel, this decision will control in the other four cases which differ from this only in having been brought by other persons as plaintiffs.

[SCHENECTADY GENERAL TERM, May 3, 1864. *Potter, Bockes, James* and *Rosekrans,* Justices.]