Ingraham, P. J.
It may well be doubted whether this action is one contemplated by the 227th section of the Code of Procedure. It is not an action for the recovery of money, but one for the disolution ■ of the firm and the settlement of its affairs, and of the accounts of the several partners with the firm. What the result of that accounting will be, cannot be told, much less sworn to, until after the account is taken ; and the result of the action ordinarily would be a dissolution of the firm, the appointment of the receiver, and, after the accounting, an order or judgment directing those defendants who were indebted to the firm to pay to the receiver the amount found due from them respectively, after crediting them with their share of the assets of the concern. Instead of this there, appears to have been a judgment dissolving the partnership, appointing receivers, and directing an account, and, on the coming in of the report of the referee, a judgment that the plaintiffs recover to the use of the receivers the amount reported due from the defendant to the firm. It is not necessary for me now to inquire into the propriety of such a judgment, except so far as to say that it is not in one of those actions contemplated by the section of the Code before referred to. It is not an action brought for the recovery of money, nor is it possible for the plaintiff to state the amount of the claim, as required by the 229th section. Each partner has a right to the possession of the partnership property, and until the dissolution of the firm, there can be no indebtedness from one partner to the firm, which could be the foundation of an action.
But there is a difficulty in the way of the parties making this motion which is conclusive against it, viz.: that the plaintiffs in the second and third suits are not judgment creditors, and therefore are not in a condition to attack the prior attachments. The mere claim to be a creditor is not sufficient to authorize them to move to set aside prior liens. That can only be done, if at all, by judgment creditors. Their right as creditors must be established by a judgment before they can make such motions. The same rule which applies to motions to set aside judgments and executions applies to similar motions to set aside attachments, viz.: that the moving party, if other than tlie defendant, must have a lien on the property by a j udgment, or have his right to be considered a creditor established in that mode, before he can make the motion. It must *159 be apparent that he is injured by the attachments, before he can move to vacate them. Whether even after judgment, the regularity of the attachment can be inquired into in a collateral proceeding is not by any means clear. A contrary opinion was expressed in Re Griswold, 13 Barb., 412. It is not necessary, now however, to decide that point. The present motion must be disposed of on the ground that a mere creditor before judgment cannot move to set aside an attachment issued in another action, and levied before his action was commenced.
The motion is denied with ten dollars costs