Isham *v.* Ketchum.

Judgment accordingly.

[ALBANY GENERAL TERM, March 5, 1866. *Miller, Ingalls* and *Hogeboom,* Justices.]

————————•••————————

CHARLES H. ISHAM, survivor, &c. *vs.* MORRIS KETCHUM and others.

WILLIAM B. ISHAM and another *vs.* The Same.

WILLIAM H. TILLINGHAST *vs.* The Same, (2 actions.)

A subsequent attachment creditor can not move to discharge an attachment issued in a prior suit, on the ground that it was irregularly issued. He has no standing in court to make such a motion, by petition or otherwise.

Where a subsequent creditor does not allege or pretend that the debt or claim for which the first action was brought was not just and *bona fide,* nor that there was any collusion between the plaintiff and defendant in that action, he should not, on principle, be permitted to make such a motion.

APPEAL, by the plaintiff in the third and fourth of the above actions, from an order made at a special term denying a motion made by him to discharge the attachments issued in the first and second actions, respectively, on the ground that they were irregularly issued.

*By the Court,* SUTHERLAND, J. I am inclined to think that the order appealed from should be affirmed on the merits; but it is unnecessary to decide that question; for it

appears to me quite plain that the plaintiff in the last two actions had no standing in court, by petition or otherwise, to make the motion.

By the Code, (§ 241,) the defendant in an attachment may, in all *cases*, move to discharge it; but I have not been able to find any precedent for such a motion by a subsequent attachment creditor on the ground that the prior attachment was irregularly issued. It seems to have been decided, *in the matter of Griswold*, (13 *Barb.* 413,) that no person could take advantage of a want of regularity in the issuing of an attachment under the Code, other than a party to the action in which the attachment issues, injuriously affected by it.

On principle, I do not see why the plaintiff in the last two actions should be permitted to make the motion he did. He did not allege or pretend, that the debts or claims for which the first actions were brought were not just and *bona fide*; nor that there was any collusion between the plaintiff and the defendants in those actions. If the attachments in those actions were irregularly issued, yet if the defendants in those actions chose to waive such irregularity, and thus in effect secure the payment of the debts or claims for which the first actions were brought, what had the plaintiff in the last two actions to do with that? The defendants had a right to pay, or secure the payment of, the debts or claims for which the two first actions were brought, before, or in preference to the debts for which the last two actions were brought.

The order appealed from should be affirmed, with costs.

[New York General Term, April 2, 1866. *Geo. G. Barnard, Ingraham* and *Sutherland,* Justices.]