By the Court.—Bockes, J.
The motion at special term was to set aside a judicial sale, made under a judgment of foreclosure.
The motion was denied. On appeal to the general term, the order was affirmed. An appeal was then taken to this court from the order of affirmance.
The motion now is to dismiss the appeal, as I understand it, on two grounds: 1. That the order is not appealable, because not falling under any of the subdivisions of section 1.1; and 2. Because the granting or refusing of the order was in the discretion of the court below.
I think the order comes within the purview of subdivision 3 of section 11.
The appeal is from an actual determination of the general *180 term, and is a final order affecting a substantial right, made upon a summary application, in an action after judgment. It plainly answers each of these requirements.
But it is insisted that it is not a final order. '
It denied the motion, and ended the proceeding. Nothing "further could be done in the proceeding. It closed finally the summary application, and consequently was a final order, and no right remained to the party except to appeal. So, I think the order would have been equally final, had the motion been? granted instead of refused. It would, in that event, be complete and final as to the application : the judgment of the court on the merits of the application.
Whichever way decided, it was final in the sense of a final adjudication. A final judgment means a judgment which concludes the parties, as regards the subject-matter in controversy, in the tribunal pronouncing it, whichever way the decision may be given. It is called final in contra distinction from interlocutory. This is the view taken by this court in Buffalo Savings’ Bank v. Newton (23 N. Y., 160). In that case the sale was set aside, and Denio, J,, says: “ The order was final within the meaning of section 11 of the Code.” All the judges concurred.
But notwithstanding all this, if the order rests purely in the discretion of the court, the appeal will for that reason be dismissed. And this brings us to examine the cases cited by the respondents’ counsel on this motion.
In the last case cited (Buffalo Savings’ Bank v. Newton, 23 N. Y., 160), the appeal was dismissed. Judge Denio says, notwithstanding the order fell directly within the provision of subdivision 3 of section II, still “ it rested purely in the discretion of the court to grant or refuse.”
On looking into that case it will be seen that the motion was addressed to the favor of the court, and was not urged as a matter of legal right. No irregularity even was suggested, but the party asked a favor, and hence the granting or refusing it was purely discretionary.
In Dows v. Congdon (28 N. Y.), a re-sale was ordered, and also a reference was directed to ascertain the value of the land without improvements, with a view to further action *181 in the ease. The appeal to this court was dismissed on the ground that it was not final; all the judges concurring.
Even Judge Emott, who dissented on other grounds, concurred in this. In this case Judge Wright well remarks and notes the true distinction now before us, that the granting of such an order (an order setting aside a judicial sale), when it involves no question of strict legal right, is within the discretionary power of the court below, and not appealable; clearly and, as I think, very justly implying, that if the motion rested on facts giving a strict legal right to demand it, the order would be appealable.
In Wakeman v. Price (3 N. Y., 334), the sale was set aside. It was decided that an appeal would not lie, because the sale was in all respects regular and fair, and the motion was, as the case states, addressed to the favor of the court; hence, purely discretionary. The case of Hazleton v. Wakeman (3 How., 457), was similar to Wakeman v. Price in all respects.
So it seems that the four cases on which the motion before us is based, fail to give it support, ¿unless .this case, like those cited, was before the Supreme Court as a matter of pure discretion, not involving a question of strict legal right.
This is the rule laid down by Judge Wright in Dows v. Congdon, and is unquestionably sound.
So in Tripp v. Cook (26 Wend., 143), the same distinction was marked, and it was then said, in substance, that an order which gave effect merely to the will of the judge was one resting in pure discretion. Not so, however, when a case was made for the application of legal rules and principles of equity.
It now remains to be seen whether the case before us does involve a strict legal right. If it does, the appeal is properly taken.
The party claimed that he had been defrauded.at the sale; that it was unfairly and unjustly conducted to his injury; and he alleged that the plaintiff and purchaser approached bidders and dissuaded them from bidding; that they need not bid, for the plaintiff \^>ld outbid them, and intended to *182 bid it in; and that such persons as wanted to purchase, could buy on more advantageous terms of the plaintiff; and thus discouraged and prevented bidding. The motion was, therefore, grounded on fraud, and thus became a strict legal right.
If the charge of fraud should be sustained, the party was entitled to have the sale vacated—not as a matter of favor, but as a matter of right; and he could have maintained a direct action in equity to set aside the sale, instead of proceeding by motion.
The case of Tiernan v. Wilson (6 Johns. Ch., 411), and of Clowes v. Dickenson (5 Johns. Ch., 235), afterwards in the Court of Appeals (9 Cow., 403), are full on this point. See, also, Cantine v. Clarke (41 Barb., 629). So, it seems that fraud in conducting a judicial sale gives a party a right of action, which may be enforced in a suit instituted for that purpose. This proves it to be a strict legal right,. and it follows that a motion to set aside a sale for fraud involves such right, and it is not therefore discretionary.
This appeal should not, therefore, be dismissed on the ground that the motion was addressed to the favor of the supreme court.
This view is in strict conformity with the rule stated by Judge Wright that the granting of such an order, when it involves no question of strict legal right, is within the discretionary power of the court below, and not appeal-able.
It is next urged, that the appeal in the case under subdivision 3 of section 11 is controlled by section 331, which requires the appeal to be taken “ within two years after the judgment shall be perfected by filing the judgment roll.”
■ The appeal in this case was not within the limitation above specified, unless we either regard the roll incomplete until the order granted on the motion, and also the order of affirmance at general term was attached and made part of it; or unless we regard the order appealed from as a final order in the nature of a judgment.
It was said in Bank of Genesee v. Spencer (18 N. Y., 152), that this class of orders rested^ the assumption that the *183 judgment was valid, and the proceeding-in such case was based upon it; which proceeding itself might terminate in a final order in the nature of a judgment.” This, it seems to me, is a sensible construction to put on this class of orders. The proceeding is a new and irregular one, and demands an adjudication of a new question on new facts occurring after the entry of judgment. As regards these facts, and the adjudication upon them, the final order (as Judge Pratt says) is in the nature of a judgment. In this view, the appeal is in time.
Nor can we now, on this motion, pass on the merits of the application. It is true the court, at special term, held that the party failed to make a case of fraud entitling him to the relief he sought, and the general term came to the same conclusion. But the appellant insists that the supreme court was in error in that determination, and demands that it be corrected "by this court. This question will be determined when the appeal shall be heard on the merits. In that regard, it is enough that the party made a case requiring the application of legal or equitable principles to its determination.
The motion to dismiss the appeal is denied.