I am of the opinion that the objection that this order is not appealable to this court is not valid. The receiver insists that as a matter of law and of strict right the attachment in this case was illegal, alleging that the defendant is not a foreign corporation within the statute, and also that the cause of action did not arise in this State, and also that the priority of the United States' claim renders the attachment invalid. He bases his objection upon strict law and a claim of right, conceding that he cannot control or influence the discretion of the court below. In such case the order has frequently been held to be appealable to this court. (King v. Platt, 37 N.Y.; S.C., 34 How. Pr. 26;The People v. New York Central R.R., 29 N.Y. 418; Wakeman
v. Price, 3 Comst. 334; Buffalo Savings Bank v. Newton,23 N.Y. 161.) In the first two cases the appeal was sustained, and in the last two it was not sustained, on the ground I have mentioned.
The objection that the receiver has no status in court, I regard as fatal. The action was commenced against the bank before the appointment of a receiver, and, so far as the papers show, is still in progress under that title. There is no *Page 525 
legal objection to its continuance in that form until final judgment is obtained, and such is the common practice in this State. Under sections one hundred and twenty-one and one hundred and twenty-two of the Code, it was competent to the receiver to apply to make himself a party, either on the ground that all the interest of the defendant had become vested in him, or that the rights of all parties could not be properly settled, unless he should be made a party to the action. He made such an application, but, for some reason unexplained in the papers, took no order on that branch of the case. There is no ground upon which the receiver can directly interfere in such a case, by giving notice of a motion and conducting an appeal, whether we concede the right of the plaintiff to continue his suit against the defendant in its own name, or whether it be conceded that upon the dissolution of the corporation, the receiver became the necessary party defendant, as the legal successor of the defendant. A motion to dissolve an attachment, like any other motion in a suit, can only be made by a party to the same. (Inre Griswold, 13 Barb. 412; Ketcham v. Ketcham, 1 Abb. [N.S.] 157; Isham v. Ketcham, 46 Barb. 43.) During the life of a defendant, all motions on the part of a defendant must be made in his name. Upon his death, or upon the dissolution of a corporation (where the suit is not continued against it by name), an executor or a receiver must be appointed, and must apply to the court to be made a party to the suit, asking an order that the same may be continued in his name. In neither case can he appear or move until such order is obtained. He is a stranger to the proceedings. The receiver had no status in court to make the motion below or to appeal to this court. (Thacher v.Bancroft, 15 Abb. Pr. 245.)
The judge proceeded to discuss the questions raised upon the merits of the application. There was a difference of opinion among the judges upon some of the points, and the decision was placed upon the express ground that the receiver had no status
in court which would justify him in making the motion below, or in bringing an appeal to this court.
The appeal is dismissed, with costs. *Page 526