## BUFORD A. TRACY v. THE FIRST NATIONAL BANK OF SELMA.

*Attachment—Foreign Corporation—Motion to vacate—Appealable Order—Receiver of Insolvent Corporation—Standing in Court.*

Where a warrant of attachment has been duly issued and served upon assets of a foreign corporation within this State, and a receiver of such corporation has been appointed, who has entered upon the duties of his office, and where such receiver appears in the Supreme Court at Special Term, and makes application for an order upon Plaintiff in attachment to show cause why such receiver should not be made a party to the proceedings in attachment, and why the warrant of attachment should not be vacated, which motion upon hearing is denied, and which denial is affirmed on appeal to the General Term,—on appeal to the Court of Appeals, held, the receiver had no standing in Court, and that his appeal should be dismissed; that such order was not an appealable one.

ON the 12th day of April, 1867, a treasury draft for $75,000 was presented at the Defendant's counter, at Selma, Alabama, and payment refused by the bank, from want of means to pay the same.    The Defendant was an incorporation, organized under the statute of the United States passed June 3d, 1864, and, as a depositary of the United States Government, had received its funds to an amount exceeding the sum of $75,000.   On the 15th day of the same April, without knowledge of the above refusal, and for value paid, the Plaintiff received from the said bank its eight several checks on the Ocean National Bank of New York, amounting in the aggregate to $8,500.   The checks were presented for payment at the Ocean Bank on the 27th of April, which was refused, under instructions from the Treasury Department. Due notice of such refusal was given the Defendant.   On the 29th of April the Plaintiff commenced an action against the Defendant to secure the amount of the said checks, and procured an attachment to be issued, and to be levied upon a sum of money standing to the credit of the said Defendant in the Ocean Bank.

On the 15th day of the same April, the bank at Selma was taken possession of "by the military authorities of the United

States;" and its assets remained in such possession until Mr. Cadle was appointed a receiver of the said bank, under legal proceedings commenced about May 1st, 1867. He at once entered upon the execution of his duties as such receiver.

On the 14th of August, 1867, due application on behalf of said receiver was made at the Special Term in the city of New York, requiring the Plaintiff to show cause why the receiver should not be made a party to the proceedings, and why the warrant of attachment should not be vacated. Upon the hearing, it was ordered that the motion to vacate the order of attachment be denied, and no notice was taken of that part of the order asking that the receiver be made a party to the proceedings.

Upon appeal to the General Term of the First District, this order was approved, and the receiver now appeals to this Court.

The Plaintiff asks to dismiss this appeal on the ground, 1st, that the receiver has no standing in Court to authorize him to bring an appeal; 2d, that the order is not appealable; 3d, on the merits.

*S. Chittenden* for Appellant.
*Eugene Smith* for Respondent.

HUNT, CH.J.—I am of the opinion that the objection that this order is not appealable to this Court is not valid. The receiver insists that as a matter of law, and of strict right, the attachment in this case was illegal; alleging that the Defendant is not a foreign corporation within the statute, and also that the cause of action does not arise in this State, and also that the priority of the United States claim renders the attachment invalid. He bases his objection upon strict law and a claim of right, conceding that he cannot control or influence the direction of the Court below. In such case the order has frequently been held to be appealable to this Court (King *v.* Platt, 37 N. Y. Rep.; People *v.* N. Y. C. R. R. Co. 29 N. Y. R. 418; Wakeman *v.* Price, 3 Coms. 334; Buffalo Savings Bank *v.* Newton, 23 N. Y. R. 161). In the first two cases the appeal was sustained, and in the last two it was not sustained, on the ground I have mentioned.

The objection that the receiver has no status in Court I regard as fatal. The action was commenced against the bank before the appointment of a receiver, and, as far as the papers show, is still in progress under that title. There is no legal objection to its continuing in that form until final judgment is obtained, and such is the common practice in this State.

It was competent to the receiver to apply to make himself a party, either on the ground that all the interest of the Defendant had become vested in him, or that the rights of all parties could not be settled, unless he should be made a party to the action. He made such an application, but, for some reason unexplained in the papers, took no order on that branch of the case. There is no ground on which the receiver can directly interfere in such a case, by giving notice of a motion, and conducting an appeal, whether we concede the right of the Plaintiff to continue his suit against the Defendant in its own name, or whether it be conceded that upon the dissolution of the corporation, the receiver became the necessary party Defendant, or the legal successor of the Defendant. A motion to dissolve an attachment, like any other motion in a suit, can only be made by a party to the same.

During the life of a Defendant, all motions on the part of a Defendant must be made in his name. Upon his death, or upon the dissolution of a corporation (when the suit is not continued against it by name), an executor or receiver must be appointed, and must apply to the Court to be made a party to the suit, asking an order that the same may be continued in his name. In neither case can he appear or move until such an order is obtained. He is a stranger to the proceeding.

The receiver has no status in Court to make the motion below, or to appeal to this Court.

---

The Judge proceeds to discuss the questions raised upon their minds respecting the application. There was a difference of opinion among the Judges upon some points, and the decision was placed upon the express ground that the receiver had no

status in Court which would justify him in making the motion below, or bringing an appeal to this Court.    Appeal dismissed, with costs.

All concur.

Dismissed.

JOEL TIFFANY,
State Reporter.
