CLAFLIN and others *vs.* THE FARMERS AND CITIZENS'
BANK OF LONG ISLAND.

An appeal from a judgment, in the name of a State bank subsequently merged
in a National bank, is the *defense of a suit,* within the meaning of the second
section of the act of the legislature, of March 9, 1865, (*Laws of* 1865, *p.* 169,)
which provides that any State bank, by its organization under the laws of
the United States, shall be deemed to have surrendered its State charter, but
that " every such bank shall nevertheless be continued a body corporate for
the term of three years  *  *  for the purpose of *prosecuting and defending
suits* by and against it, and of enabling it to close its concerns," &c.   And if
such appeal is taken within the three years from the time of its conversion
into a National bank, the State bank must be deemed to continue in exist-
ence *as to such appeal or defense of the suit,* until the appeal is heard and
determined. .
In case of the failure of the National bank, and the appointment of a receiver,
such receiver may take, and has a right to prosecute, such appeal, under
section 121 of the Code.

APPEAL from an order made at a special term, denying
a motion by the plaintiffs to dismiss an appeal from
the judgment in this action.

*By the Court,* SUTHERLAND, J.   The order appealed from,
denying the plaintiffs' motion to dismiss the appeal, should,
I think, be affirmed.

The defendant was converted into a National bank, on
the 20th of May, 1865.   The National bank failed 5th
September, 1867, and Frederick A. Platt was appointed
its receiver, under the act of congress.   The judgment on
the third check, for $10,848.15, was recovered on the
16th of December, 1867, and was appealed from by the
defendant on the 28th of the same month.

The second section of the State act, of March 9, 1865,
(*Laws of New York of* 1865, *p.* 169,) provides that the State
bank, by its organization under the laws of the United
States, shall be deemed to have *surrendered* its state char-
ter, but that " every such bank shall nevertheless be *con-
tinued a body corporate for the term of three years  *  *  for*

I think the appeal from the judgment, in the name of the State bank was, and should be considered, as the defense of a suit, within the meaning of this section; and having been taken within the three years from the time of its conversion into a National bank, that the defendant, by force of the second section of the State act, must be deemed to continue in existence, *as to such appeal, or defense of the suit, until the appeal is heard and determined.*

It is very clear to me that the receiver of the National bank, whose duty it was, under the National act, to collect the assets of the National bank, had a right to take, and has a right to prosecute the appeal, under section 121 of the Code; for we must assume that by the National act, and the sixth section of the State act, all the assets of the State bank vested in the National bank; and that if the judgment should be reversed, the receiver, *as such,* would have the benefit of the judgment for the restitution of the property sold under the execution issued on the judgment.

The order appealed from should be affirmed, with $10 costs.

[New York General Term, January 4, 1869. *Clerke, Sutherland* and *Geo. G. Barnard,* Justices.]