NEW YORK PRACTICE REPORTS. · 281

The Albany City Ins. Co. agt. Van Vranken.

## SUPREME COURT.

THE ALBANY CITY INSURANCE COMPANY agt. BENJAMIN VAN VRANKEN.

Where a *receiver* of an insurance company is appointed pending an action in which the company is plaintiff, the receiver may continue the action in the name of the original party.

Therefore, where such a cause is regularly called on the calendar, the defendant may move and obtain a regular order dismissing the complaint without substituting the receiver as plaintiff.

*Albany Special Term, January,* 1872.

A. J. PARKER *for plaintiff.*

ALEX J. THOMSON, and E. W. PAIGE, *for Defendant.*

LEARNED, J.—This is a motion to set aside an order dismissing the complaint. After the action was at issue, a receiver of the plaintiff was appointed, and notice of this fact was given to the defendant. Subsequently thereto at a regular call of the circut calendar, the defendant caused the complaint to be dismissed. The order dismissing the complaint the plaintiff now moves to set aside, on the ground, that it was irregular, for the reason that a receiver had been appointed, and had not been substituted as plaintiff.

Section 121 of the Code, first declares, that actions shall not abate, when the cause of action survives or continues. It then provides for two classes of cases, in which some change takes place as to a party. The first is the case of death, marriage, or other disability. In this case, the action may be continued by or against the representative or successor. And if the representative or successor does not continue it, the aggrieved party may obtain an order abating the action. These provisions clearly contemplate cases in which there has arisen a disability, that is, where the party to the action

has ceased to have the legal authority to sue or defend. For the word, disability, is undoubtedly used in the legal sense.

The second class of cases for which this section provides is, that ot a transfer of interest, other than such as might be connected with a disability of the party. It would hardly have been necessary for the Code to provide in respect to this class of cases, had it not been for section 111, which requires actions to be prosecuted in the name of the real party in interest. This section 121, therefore, to prevent, misapprehension, provides, that in case of a transfer of interest, pending the action (other than such as are connected with a disability), the action shall continue in the name of the original party, or the transferee my be substituted.

The inquiry then, must be, whether in the present case, there was a disability or only a transfer ot interest. It is admitted, that the appointment of a receiver does not dissolve the corporation. The corporation is still capable of bringing an action (*Bank of Lyons* agt. *Demmon, Hill & Denio, p.* 398 ; *Hope Mutual Life Ins. Co.* agt. *Taylor,* 2 *Robts.,* 278). The appointment of the receiver only transfers to him the property of the corporation including the right of action here involved. He might, therefore, continue the action in the name of the original party. He might even take an appeal in the name of the original party (*Claflin* agt. *Farm. & Citizens' Bank,* 54 *Barb.,* 228). It may be, that the officers of the corporation have no right to conduct this action. Possibly they are enjoined. But an injunction forbidding a party from prosecuting an action, is not a legal disability. In fact, this very motion is made in the name not ot the receiver, but of the plaintiffs, showing, therefore, that they are not under a disability to proceed in the action.

It seems to me, therefore, plain, that there was nothing to prevent the action from going on in its present form, and that the order dismissing the complaint, was regular.

The motion must be denied, with $10 costs.