The orders appealed from affirmed orders of the Special Term vacating attachments issued before judgment against the property of the defendant. They relate to the mode of procedure, do not affect the merits of the action, and to some extent involve the exercise of discretion. It has therefore been the frequent practice of this court to dismiss an appeal in such cases (Sartwell v. Field, 68 N.Y. 341; Wallace v. Castle, id. 370), and that practice, for reasons stated in Van Slyke v.Hyatt (46 N.Y. 259); Anonymous (59 id. 313); Martin v.Windsor Hotel Co. (70 id. 101), must be followed in this instance.
The motions to vacate were by Frelinghuysen, who had been appointed receiver of defendant. It is objected by the appellants that as the receiver has not been made a party to the action, he had no standing in court or right to be heard as to the attachments, and cases are cited to that effect (Tracy v.First Nat. Bank of Selma, 37 N.Y. 523; Allen v. ScandinavianNat. Bank, 46 How. Pr. 71; In re Griswold, 13 Barb. 412;Ketchum v. Ketchum, 1 Abb. [N.S.] 157; Isham v. Ketchum,
46 Barb. 43; Thacher v. Bancroft, 15 Abb. Pr. 243), but they all turned upon the provision of the Code of Procedure (§ 241), which gave the right to move to discharge the attachment, to a defendant only. This right is now extended (New Code, § 682) to any person who, after the attachment issued, acquired an interest in, or lien upon, the property attached. He may move by virtue of that relation, and need not be a party to the suit. (Steuben Co.Bank v. Alberger, 78 N.Y. 252.) The receiver comes within the terms of that section (U.S.R.S., § 5234; Bank of Bethel v.Pahquioque Bank, 14 Wall. 383; Nat. Bank v. Colby,
21 id. 609) and is entitled to be heard.
The appeal should be dismissed, with costs.
All concur.
Appeal dismissed. *Page 442