(7 Misc. Rep. 358.)

### FARMERS' LOAN & TRUST CO. v. HOFFMAN HOUSE.

(Supreme Court, Special Term, New York County. February, 1894.)

1. RECEIVERS—RIGHT TO SET ASIDE JUDGMENT.

    A motion to set aside a judgment of a state court against a domestic corporation, and to file an answer, made by receivers of the corporation, appointed by a federal court sitting in another state, will not be granted where the order appointing the receivers did not restrain the officers of the corporation from exercising their ordinary powers, but only enjoined them from disposing of any property.

2. SAME—AUTHORITY OF ATTORNEY.
  The appointment of a receiver of a corporation, and service of notice thereof on an attorney previously employed by it, does not terminate the attorney's authority, where the order appointing the receiver did not restrain the officers of the corporation from exercising their ordinary powers; and therefore a judgment entered on an answer served by the attorney is valid.

3. SAME—DISCRETION OF COURT.
  Whether receivers appointed pending an action against the corporation shall be permitted to appear and defend is discretionary.

Action by the Farmers' Loan & Trust Company against the Hoffman House to foreclose a mortgage. The receivers of defendant appointed in New Jersey by the federal court moves to strike from the records the answer filed by defendant, and to vacate a judgment of foreclosure and sale, and for leave to make and file an answer. Denied.

Turner, McClure & Rolston, for plaintiff.
Holmes & Adams, for defendant.

ANDREWS, J.  I am of the opinion that the application must be denied, for the following reasons:

1. If the receivers appointed by the court of chancery of New Jersey, and reappointed by the United States circuit court, have the right, with the permission of this court, to defend this action, nevertheless the officers of the defendant had the same right before judgment was entered, and the receivers have no standing to make this application, and the court cannot lawfully grant it. Section 70 of the general corporation law of the state of New Jersey, approved April 7, 1875, provides that, when any company shall become insolvent, it shall be lawful for any creditor or stockholder to apply by petition or bill of complaint to the chancellor for a writ of injunction, and the appointment of a receiver or receivers; and the same section authorizes the chancellor, if it shall be made to appear to him that the company has become insolvent, to issue an injunction to restrain the said company, and its officers and agents, from exercising any of the privileges or franchises granted by its certificate, or by the act incorporating the said company, and from collecting or receiving any debts, and from paying out, selling, assigning, or transferring any of the property of the company, until the court shall otherwise order. Section 72 of said act authorizes the court of chancery, at the time of ordering the said injunction, or at any time afterwards during the continuance of said injunction, to appoint a receiver or receivers of the corporation. I have carefully examined said act, and I cannot discover that it confers any power on the court of chancery to appoint a receiver, except at the time of the ordering of the injunction, or at any time afterwards during the continuance of the injunction. It does not appear, from the papers before me, that said court has at any time granted an injunction, as provided for in the said act, and it is therefore somewhat difficult for me to understand how the court had jurisdiction to do more than to exercise the inherent power of a court of equity to appoint receivers who should be merely the

authorized custodians of the property of the corporation. The order of the United States circuit court recites that the said receivers havé been appointed by the chancellor of New Jersey, and appoints the same persons receivers of the property of the Hoffman House; and it also purports to confer upon the said receivers various powers, including the power to continue the business of the defendant, and the authority to appear in and conduct the prosecution or defense of any suits against the Hoffman House. Said order also enjoins the Hoffman House, and all its officers and agents, from interfering with or disposing of any of the property of said corporation, but does not otherwise restrain those officers from exercising the powers possessed by them. The state of New Jersey is not included in the second circuit of the United States, and the appointment of the said receivers by the circuit court is ancillary to their appointment by the court of chancery of New Jersey. It has been held, in some cases, that a court of equity will appoint a receiver to preserve the property of a foreign corporation; but it has not usually been considered, as I understand the decisions, that a court of equity, in the absence of special statutory authority, has the power to grant an order appointing receivers, conferring upon them such extensive powers as were conferred by the order in question. Assuming, however, that both the order of the court of chancery appointing the receivers, and the order of the United States circuit court reappointing the receivers, were regularly and lawfully made, it appears that before such orders were made this action had been commenced, and that a receiver of all the property of the corporation had been duly appointed in this action, and that such receiver had taken possession of all the property of the defendant; and it also appears that the receivers, Hall and Ward, are not in possession of any portion of the property of said corporation. Under these circumstances, I think that the receivers have no standing to make the present motion. The corporation itself has not been dissolved. No injunction has been granted by the said court of chancery, nor by said circuit court, restraining the corporation or its officers from exercising the powers, privileges, and franchises granted by its certificate, or by the act incorporating it, (except as above mentioned,) or from appearing in and conducting the defense of any suits brought against said corporation. The corporation and its officers had, therefore, authority to appear in, and conduct the defense of, this action. The receivers, until and unless they are made parties to the action, are strangers to the proceedings. Tracy v. Bank, 37 N. Y. 523. The appointment of said receivers, in the absence of an injunction restraining the officers of the defendants from defending the action, did not deprive such officers of the right to continue the defense thereof; and said receivers have now no standing to move to set aside the answer which was served, and the judgment which was entered, and to move for leave to serve an answer on their own behalf, in the place of the one which has heretofore been served on behalf of the corporation. In other words, assuming that the receivers, if judgment had not been entered, were duly invested with the right to defend

this action, provided this court, in the exercise of a judicial discretion, should permit them to do so, such right was not superior to the right of the officers of the defendants to defend the action, and when those officers have permitted judgment to be entered the receivers cannot rightfully claim, and have no legal standing to claim, that they should be permitted to reverse the lawful action of such officers.

2. I am of the opinion that the interlocutory judgment of foreclosure was regularly and duly entered. As above stated, no injunction has been granted restraining the corporation, or its officers or agents, from exercising the powers and franchises of the corporation, except as above stated, and one of those powers was to appear in and to defend this action. Assuming that when the judgment of foreclosure was entered the Farmers' Loan & Trust Company and its attorneys, and the officers of the Hoffman House Corporation and its attorney, knew that the said receivers had been appointed by both of said courts, and assuming, also, as appears by the papers, that said receivers had notified the attorney who appeared for the Hoffman House in this action that his authority was revoked, nevertheless, such judgment was regularly entered. Mr. Delahunty had been employed by said corporation as its attorney in the foreclosure action, and had appeared therein, and he had all the powers possessed by an attorney of record in any action. Those powers could only be terminated by an order of this court substituting another attorney in his place, or restraining him from acting as such attorney. The knowledge that the receivers had been appointed, and the fact that they served notice upon him revoking his authority, did not operate to terminate such authority. He still had the legal right to serve such an answer as he thought proper, or such an answer as he was directed to serve by the president of the corporation, who had not been enjoined from exercising the authority conferred upon him by virtue of his office. As was decided by the court of appeals in Tracy v. Bank, supra, the receivers were strangers to the proceedings, and their notice to Mr. Delahunty, who had been lawfully employed by such officers, undertaking to revoke his authority was a nullity. The judgment of foreclosure, therefore, must be regarded as having been regularly and duly entered.

3. Under these circumstances, assuming that the receivers have a standing to make this motion, whether or not the receivers shall be permitted to appear and defend the action is wholly discretionary with the court, (Beach, Rec. § 708;) and, upon the papers before me, I do not think a case is presented which justifies the court, as a matter of discretion, in granting the application of the receivers.

In the first place, the proposed answer does not present a good defense to the action. The interest on the mortgage bonds, due July 1, 1893, was not paid, and such default continued for three months, and after; and the holders of more than a majority of the bonds, by a writing delivered to the trustee, declared the principal of all the bonds to be immediately due and payable. The answer sets up various proceedings had for the purpose of obtaining an inspection of the books of the corporation, and that the president of

the company had abstracted money belonging to the corporation, and had such moneys in his possession when said interest became due, to an amount more than sufficient to pay such interest. However, as the interest was not paid, I do not see how these facts, or any of them, constitute a defense, as against the trustee, who has brought the action to foreclose the mortgage. It might be that, upon a long examination of the affairs of the corporation, it could be proved that the president was indebted to the corporation; but that fact would not, in my judgment, constitute a defense in this action. The only defense set up in the answer which is valid upon its face is that which alleges that, by the terms of the mortgage itself, the principal of the bonds secured by the mortgage had not become due when the action of foreclosure was brought. I am satisfied, however, by an inspection of the portions of the mortgage which relate to this matter, that this defense cannot be maintained. Article 2 of the mortgage provides that if default shall be made in the payment of the interest on any of the bonds at the time when the same may become due and payable, and if such default shall continue for three months, then the holders of a majority in amount of the bonds may, by writing delivered to the trustee, declare the principal of said bonds to be, and the said principal shall thereupon become, immediately due and payable. Article 3 of the mortgage provides that in case of the principal of any of such bonds becoming due and payable, and remaining unpaid, in whole or in part, for three months after demand thereof, the trustees shall, on the written request of the holders of a majority in amount of such bonds, have power to enter upon the premises, and take possession of the property, and sell the same. Article 6, however, provides that nothing contained in the mortgage shall be construed as limiting the right of the trustee to apply to the court for judgment or decree of foreclosure and sale, under the mortgage, or for the usual relief in the course of such proceeding, and that the trustee may, in his discretion, and must, if not allowed by law to proceed in the manner hereinbefore mentioned, apply to any competent court for relief, by way of foreclosure or otherwise, instead of taking possession of or selling such property when required to do so by the bondholders. It is elementary law that, whenever a mortgage is given to a trustee to secure bonds, and the principal of such bonds has become due and payable, it is the right and duty of the trustee to institute an action to foreclose the mortgage; and it is not necessary that in a mortgage of this description, any more than it is in a mortgage of any other description, the power to bring such an action should be conferred by the mortgage itself. It is usual, however, in mortgages given to secure the bonds of corporations, to insert a provision similar to the one contained in this mortgage, which gives the trustee the right to enter upon the premises and sell the property summarily, without resorting to an action to foreclose the mortgage; and in this case, if the trustee had pursued that course, it would have been necessary for it to wait until three months had elapsed after a demand for the payment of the principal. This provision postponing the right of a summary entry and sale was doubtless inserted with

a view to fully protect the corporation and its stockholders against any hasty and summary action on the part of the trustee. If the trustee should commence an action to foreclose the mortgage, the corporation would have an opportunity to defend the same, but, if the trustee elected to adopt the summary method of entry, there would be no opportunity for defense; and therefore the mortgage provided that the trustee should not resort to that course until three months after a demand for the payment of the principal. The provisions contained in article 6 were doubtless inserted out of abundant caution, but were unnecessary, for the trustee would have had the right to commence a foreclosure proceeding if the default in the payment of interest continued for three months, and the declaration by bondholders provided for in said article 2 was made, if this article had not been contained in the mortgage. In my judgment, the provision of article 3 did not operate to postpone the right of the trustee to commence the foreclosure action after the default in the payment of interest had continued for three months after the holders of the majority in amount of the bonds had, by writing delivered to the trustee, declared the principal of all the bonds to be immediately due and payable. The allegation in the answer, therefore, to the effect that by the terms of the mortgage the principal of the bonds had not become due, does not constitute any defense.

In the second place, I do not see that the granting of this application could possibly result in any pecuniary benefit to any one. The corporation is undoubtedly insolvent. The application to the court of chancery for the appointment of receivers was based upon the ground that the corporation was insolvent, and that court appointed the receivers as the result of an adjudication by it that the claim that the corporation was insolvent was well founded. The application to the United States circuit court for the reappointment of said receivers was also based upon the same ground, and that court also adjudicated that the corporation was in fact insolvent; and the proposed answer, which the receivers ask leave to serve, contains an allegation that the defendant owes $75,000 to its general creditors. It is quite apparent that the question whether, as it is claimed, Mr. E. S. Stokes owes a large sum of money to the defendant, can only be determined by a long examination of the dealings between him and the corporation, and it may take a number of years to make such examination. The property covered by the mortgage is used in the business of a hotel. Such business has been carried on for many years, and the good will is undoubtedly of considerable value, which value may be seriously impaired if this litigation is continued. The sale of the property under the decree of foreclosure is precisely the result which Mr. W. E. D. Stokes sought to accomplish by means of the bill filed by him in the United States circuit court. That bill prayed for the appointment of receivers who should take possession of all the property of the defendants, and it also prayed that the court would administer the assets of the corporation. If the receivers appointed in that action had been able to take possession of the property of the defendant, the

result would have been that said property would have been·sold by such receivers, and the proceeds applied in the same manner that they will be applied if the property is sold under the decree of foreclosure in this action.    Such proceeds must be applied to the payment of the mortgage bonds, all of which, it appears, are owned by Mr. E. S. Stokes, except $50,000, which are owned by Mr. Leary, although $125,000 of said bonds are held by Mr. W. E. D. Stokes as collateral.    If, after the payment of such bonds, there is any surplus, it will go to the stockholders.    So far as the results are concerned, it cannot, therefore, make any possible difference to any person whether the property is sold by a referee appointed in this action by this court, or by receivers appointed by the United States circuit court.    If it be true that Mr. E. S. Stokes is largely indebted to the defendant, the law provides abundant methods by which such moneys can be recovered from him, and I see no reason whatever why the question of his liability should be litigated in this action.    The motion will be denied, with $10 costs.